### HINCHLY v. MACHINE.

The Court of Common Pleas, cannot by a rule of practice, alter the laws ; nor should a party be deprived of the right of a trial by jury, upon a mere implied or constructive waiver of such right.

This was a *certiorari* directed to the Court of Common Pleas of the county of Morris.

*J. W. Miller*, for plaintiff.

*G. K. Drake*, for defendant.

OPINION OF THE COURT. By an act passed the 10th December 1825, *Harr. Comp.* 129, the Courts of Common Pleas of certain counties, of which the county of Morris is one, were authorized to appoint and hold special terms for the trial of appeals from the courts for the trial of small causes, in cases where the judgment below had been rendered by a Justice of the Peace, without the intervention of a jury. And by a supplement thereto, passed the 20th February 1830, *Id.* 302, the same power was extended to all the Courts of Common Pleas in the State; with the additional right of trying at such special terms, appeals from judgments, rendered on the verdicts of juries, " if the *parties* consent to waive the right of trial by jury, at the time of setting down such appeal for hearing at the special term." Previous to the passage of these laws, the Common Pleas of Morris had adopted a rule of practice by which the

Hinchly *v.* Machine.

parties should be considered as waiving their right to such trial, unless they signified their intention of having a jury on or before a certain day in the term to which such appeal should be returned. Under this rule the appeal in this case had been ordered on, and tried at a special term, and of course without a jury, because the party now complaining had not given notice in the manner required by that rule, of his desire to have the cause tried by a jury.

It is insisted by the defendant in *certiorari*, 1st. That the rule of practice above mentioned was still in force, and the cause therefore rightly tried in the manner it was; and 2dly. If the old rule of practice had ceased to be operative, yet the judgment ought to stand, because the party had waived the objection by going to trial and making defence.

But neither of these positions is tenable. The former rule of practice required the parties to make their election within a certain time *after* the list of appeals should be made out by the clerk; whereas by the supplement of 1830, such election is to be made " *at the time of setting down the appeal for hearing at the special term.*" This act was a virtual repeal of the old rule; for by the plain terms of the act, the appeal *is not* to be set down for trial at the special term, unless *at the time* of setting it down, the *parties consent* to waive the right of a trial by jury. The court cannot by a rule of practice, alter the law, and fix any other period for making such election, nor should a party be deprived of the right of a trial by jury, upon a mere implied or constructive waiver of such right.

If however, the party had gone to trial before the court, at the special term, without any objection to that mode of trial, it would have been too late for him to complain about it afterwards. This he did not do; he objected to the proceeding, but the court ordered on the trial. He did not therefore waive his objection, by making the best defence he could, for he did not know but it might be his only opportunity to do so. If the court below was right, the judgment must stand; but if they compelled him into a trial contrary to law, he ought not to be bound by the judgment. We think the court erred in ordering on the trial at the special term: the judgment must therefore be

reversed, and the record be remitted to the Court of Common Pleas to be proceeded in according to law.

RYERSON, J. *dubitante.*

*Judgment reversed, and record remitted*