## A. G. SCHWAB & SON v. NORWOOD.
(No. 7050.)

(Court of Civil Appeals of Texas. Galveston. Jan. 15, 1916.)

1. GARNISHMENT  ⚙⇒164—JUDGMENT—PROOF —AFFIDAVITS.

Where plaintiffs' affidavits for garnishment stated that they had recovered a judgment against their debtor, and that the same was unsatisfied to the best of the knowledge and belief of plaintiffs' counsel, there being no evidence as to the matter, in the absence of admission on the part of defendant that any such judgment had been recovered, or that, if recovered, it was unsatisfied, the court was not authorized to render judgment against the garnishee, since the affidavits for garnishment cannot be used as prima facie evidence of the existence of the judgment or of its not having been satisfied.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 302; Dec. Dig. ⚙⇒164.]

**2. APPEAL AND ERROR ⬦➡272—RESERVATION OF GROUNDS OF REVIEW—REFUSAL TO PERMIT PROOF.**

Plaintiff can take advantage of the court's refusal to permit him to introduce evidence in support of his case only by excepting to such refusal at the time, which exception must be shown by a bill of exceptions, duly approved by the trial judge, and properly filed in the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1611–1619; Dec. Dig. ⬦➡ 272; Trial, Cent. Dig. § 254.]

**3. APPEAL AND ERROR ⬦➡544—BILL OF EXCEPTIONS—NECESSITY.**

In the absence of a bill of exceptions challenging the finding of the trial court that no evidence was offered by either party and that plaintiff's counsel demanded judgment upon the pleadings without evidence, such finding of the trial court must be accepted as true.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. ⬦➡ 544.]

Appeal from Madison County Court; Joe E. Webb, Judge.

Action by A. G. Schwab & Son against J. M. Norwood. From a judgment for defendant, plaintiff appeals. Affirmed.

W. J. Poole, of Madisonville, for appellant. J. M. Brownlee, of Madisonville, for appellee.

LANE, J. This is an action by A. G. Schwab & Son, appellants, against J. M. Norwood, appellee, by writ of garnishment. Schwab & Son by their attorney, W. J. Poole, on the 10th day of October, 1914, made and filed in the trial court an affidavit, in substance, that, to the best of the knowledge and belief of affiant, A. G. Schwab & Son has an unsatisfied judgment against one S. W. McAfee for the sum of $546, and that said McAfee has not, within the knowledge of affiant, property in his possession within the state of Texas subject to execution sufficient to satisfy said judgment, and that affiant has reason to believe, and does believe, that J. M. Norwood has in his hands and possession effects belonging to said S. W. McAfee. Upon prayer being made therefor, a writ of garnishment was issued out of the county court of Madison county, Tex., against and served upon said Norwood, on or about the 10th day of October, 1914, citing him to appear at the January term, 1915, of said court and make answer thereto.

On the 5th day of January, 1915, garnishee Norwood answered said writ in effect as follows:

That on the 8th day of May, 1914, he entered into a conditional contract with one S. W. McAfee, subject to the provisions of article 3971, Revised Statutes of 1911, known as the "Bulk Sale Law," by which the said McAfee agreed to sell, and Norwood agreed to purchase, a certain stock of drugs, store fixtures, etc., the property of said McAfee, situated in the town of Madisonville, Tex., at an agreed price of $4,400, and by

which Norwood took charge and possession of said property subject to the terms of said conditional contract. That on the 9th day of May, 1914, the said McAfee, pretending to comply with the requirements of said article 3971, and after request in good faith had been made by Norwood therefor, made the following affidavit:

"I, S. W. McAfee, the owner of the drug store situated in the town of Madisonville, Texas, do solemnly swear that I am indebted to the following named parties and no other parties or persons for goods wares and merchandise that make up the stock in said drug store aforesaid:

"Hugh Perry, Dallas, Texas, $450.00.

"San Antonio Drug Co., San Antonio, Texas, $700.00.

"A. G. Schwab & Son, Cincinnati, Ohio, $500.00.

"Waco Drug Co., Waco, Texas, $220.00.

"S. W. McAfee.

"Sworn to and subscribed before me this the 9th day of May, 1914.

"T. J. Ford, Notary Public in and for "Madison County, Texas."

That before finally concluding the trade, to wit, on the 11th day of May, 1914, Norwood by registered letter notified A. G. Schwab & Son, as a creditor of McAfee, of his trade with said McAfee, which said letter was received by said Schwab & Son. That, not having heard from said Schwab & Son, he settled with said McAfee for said stock so purchased, by paying part cash and by executing and delivering to said McAfee his two promissory notes now held by McAfee. That he heard nothing from Schwab & Son until August 5, 1914, at which time said Schwab & Son instituted suit against said McAfee for their said debt of $500. That, after being informed that the affidavit made by said AcAfee did not disclose the names of all of his creditors and the sums due each of them as required by law, he (Norwood) demanded of McAfee the return of the money paid and notes received under said conditional contract, and a cancellation of said contract. That, upon refusal of such demand by McAfee, Norwood instituted suit in the district court of Madison county against said McAfee praying for the cancellation of said contract and notes and for judgment for the money so paid, which said suit is now pending in said court. That, if required to answer said writ of garnishment at this time, he says that at the time the writ of garnishment was served upon him he did not owe said McAfee anything, nor does he now owe him anything, but that he had paid all that he had contracted to pay for said stock of drugs, etc., and that he had no effects of said McAfee in his possession at such time, nor has he now such effects, unless said district court should cancel said contract in his said suit in said court, and in that event he will not have in his possession any such effects unless McAfee returns to him his notes and the money paid by him to McAfee in compliance with said conditional contract.

Appellant Schawb & Son filed a traverse

of appellee's answer, and say that by reason of the fact that in making up the list of indebtedness of McAfee, and of the names of his creditors, as shown by the affidavit hereinbefore set out, McAfee failed to make a complete list of all his creditors, as required by said article 3971, and by reason of the fact that appellee Norwood did not give the notice to Schwab & Son required by law, the sale of said stock of drugs by McAfee to Norwood is a legal fraud, and the title to said property is still the property of McAfee and subject to their writ of garnishment.

Among other things unnecessary to state for a decision of the issues presented by this appeal, said article 3971 provides:

"That any sale or transfer * * * of an entire stock of merchandise in bulk, shall be void as against creditors of the seller * * * unless the purchaser * * * shall, at least ten days before the sale or transfer, in good faith, make full and explicit inquiry of the seller * * * as to the name and place of residence or place of business of each and all creditors of the seller * * * and the amount owing to each such creditor by the seller. * * * and obtain from the seller or transferer a written answer to such inquiries, which answer shall be sworn to by the seller, * * * and unless the purchaser * * * at least ten days before the sale or transfer, in good faith, notify or cause to be notified personally, or by registered mail, each of the seller's * * * creditors, of whom the purchaser * * * has knowledge, of said proposed sale or transfer."

No evidence was introduced upon the trial of the case, but the same was submitted to the court, without the intervention of a jury, upon the pleadings of the parties. Whereupon the trial court rendered and caused to be entered of record the following judgment:

"On this the 18th day of January, A. D. 1915, came on to be heard the above entitled and numbered cause, and it appearing to the court upon the answer of the defendant, J. N. Norwood, garnishee, that he was not and did not have anything in his possession, that the plaintiff A. G. Schwab & Son was entitled to recover of and from him, it is therefore considered, ordered, adjudged, and decreed by the court that the plaintiff, A. G. Schwab & Son, take nothing by their writ of garnishment, and that the defendant, J. N. Norwood, go without day and recover his costs in this behalf expended."

Upon written request of appellants, the trial judge, on the 20th day of January, 1915, three days before adjournment of court, filed his findings of facts and conclusions of law. Among the findings of facts so found are the following:

"(1) I find as a fact that there was no evidence offered by either side in the trial of said cause before the judgment was rendered save and except the sworn pleadings filed in said cause."

"(6) I further find as a fact that immediately upon the reading of the answer of the defendant herein, which was duly sworn to, the plaintiff's counsel demanded a judgment of the court at once."

Appellant's first assignment of error is (1) that the trial court erred in rendering judgment in this cause without hearing evidence in support of appellant's cause of action, because appellant was willing and ready to introduce testimony in his behalf, and (2) that the court erred in not setting aside the judgment rendered, upon appellant's motion for new trial, so that each party might introduce his evidence in support of their respective contentions, in order that either party might have their statement of facts in the higher court, in the event an appeal should be taken.

It will be noticed that in paragraphs 1 and 6 of the trial court's finding of facts, hereinbefore set out, it is stated that no evidence was introduced by either party, and that upon the demand of appellants judgment was rendered upon the pleadings of the parties, without any further evidence.

[1, 2] While it is stated by appellants in their affidavits for garnishment, filed October 10, 1914, that they had recovered a judgment against S. W. McAfee for $546.90 on the 6th day of October, 1914, and that the same was then unsatisfied, to the best of their knowledge and belief of appellant's counsel, there was no admission on the part of appellee that any such judgment had been recovered or, if so recovered, that it was still unsatisfied. We think no one will or can seriously contend that the affidavit for garnishment, or any allegation in appellant's reply to appellee's answer, can be taken as sufficient proof of the existence of such judgment, or that it is still unsatisfied, to authorize the trial court to render a judgment against appellee in this cause. The purpose of the affidavit of counsel that "he had reason to believe, and did believe, or that to the best of his knowledge and information he believed, such judgment had been recovered," was to authorize the issuance of the writ of garnishment, and was not intended to be, nor can it be, used as prima facie evidence of the existence of said judgment, or that, if it ever existed, it was unpaid at the time of the trial of this cause. That no evidence was introduced at the trial of the case is undisputed. If the court refused to permit appellant to introduce his evidence, and such refusal was error, appellant could take advantage of such error only by excepting to such refusal at the time, and such exception must be shown by a bill of exceptions duly approved by the trial judge, and properly filed in the trial court.

[3] We have examined appellant's eight bills of exceptions found in the record, and none of them assign the alleged refusal of the court to hear evidence as error. Therefore appellant's assignment cannot be considered by this court. Neither do we find any bill of exception challenging the findings of the court that no evidence was offered by either party upon trial, and that appellant's counsel demanded judgment of the court upon the pleadings of the parties without evidence. In the absence of such bill of exception, such findings of the court must be accepted as true.

From the state of the record in this case, it is apparent that appellant stands in the attitude of demanding a judgment in his favor against appellee without having offered any proof showing that he was entitled thereto.

Having reached the conclusions above expressed in disposing of appellant's first assignment, which includes assignments 1, 2, and 3 in the record, we deem it unnecessary to consider in detail the remaining assignments, as it follows that as appellant has failed to show that he held an existing, unsatisfied debt against McAfee at the time of the trial of this cause, he was not entitled to a judgment against the garnishee Norwood, and therefore the question as to whether or not Norwood's purchase from McAfee was void under the provisions of article 3971, supra, becomes and is immaterial. Having considered all of said assignments, and having reached the conclusion that none of them present reversible error, we overrule them.

We find no error committed by the trial court in rendering judgment for the appellee, and therefore such judgment is affirmed.

Affirmed.