**HOLT et al. v. MARSHALL.**

No. 15054.

Court of Civil Appeals of Texas.
Fort Worth.

July 8, 1949.

Rehearing Denied Sept. 23, 1949.

Sanders, Scott, Saunders & Smith and Albert Smith, Amarillo, for appellants.

Marion B. Solomon, Dallas, for appellee.

McDONALD, Chief Justice.

On April 6, 1944, Ama-Gray Oil Company, a Texas corporation, was dissolved by action of the stockholders as authorized by Article 1387, Revised Civil Statutes. On December 22, 1944, appellee sued Ama-Gray Oil Company as a dissolved corporation, and on November 12, 1947, obtained judgment against said dissolved corporation for an amount in excess of $700. Judgment was affirmed by this court in Ama-Gray Oil Company v. Marshall, 212 S.W.2d 960.

The present proceeding is a garnishment after judgment filed by appellee on July 27, 1948, in the same court which rendered the aforesaid judgment. Phillips Petroleum Corporation, the garnishee, answered, saying among other things that it had been purchasing gas under two contracts exe-cuted in the year 1947, copies of which were attached to the answer, and that at the time of service of the writ it had in its hands in excess of $2000 owing on the purchase of such gas. It further said that it was unable to ascertain or state whether the Ama-Gray Oil Company named in the said gas contracts was or was not the dissolved corporation against whom appellee had obtained judgment. It further said that C. B., Demaris, R. J., Flaucey, and Clarice Holt were claiming the money due under said gas contracts. The garnishee prayed that said five persons, and Ama-Gray Oil Company, a corporation, Ama-Gray Oil Company, a dissolved corporation, and Ama-Gray Oil Company, a partnership, be cited to appear and answer, and be required to assert such claim as they or any of them might have to such money.

Appellee filed no pleadings of any character other than his application for garnishment.

No answer seems to have been made in the name of Ama-Gray Oil Company as a corporation, a dissolved corporation, or a partnership. The five persons named Holt answered, and, the court having rendered judgment in favor of plaintiff for recovery of the amount of his claim against the impounded money, have appealed.

Under their two points of error appellants argue (1) that plaintiff's cause of action was barred by the four year statute of limitations, and (2) that the money owing by the garnishee was not subject to garnishment on a debt owed by the dissolved corporation.

Appellants cite American Salt Co. v. Heidenheimer, 80 Tex. 344, 15 S.W. 1038, 26 Am.St.Rep. 743, and Orange Lumber Co. v. Toole, Tex.Civ.App., 181 S.W. 823, writ refused, in support of their plea of limitation. In the cited cases liability was sought to be imposed on stockholders on the ground that they had taken over assets of the corporation on its dissolution and thereby had become liable for its debts. It was held in both cases that limitation on the action against the stockholders ran from the time the stockholders took over

the assets. No such cause of action is prosecuted against the stockholders in the present proceeding, and the cited cases are therefore not in point. The only pleading filed by appellee was his application for garnishment, hence it must be said that his only effort in this case was to subject the funds in the hands of the garnishee to the payment of the judgment against the dissolved corporation. No cause of action having been alleged against appellants, it is difficult to see that the question of limitation was involved.

Judgment was rendered on an instructed verdict. Under familiar rules, it can be upheld only if the evidence, viewed in the light most favorable to appellants, shows without dispute that the funds in the hands of the garnishee were subject to garnishment to enforce payment of the judgment against the dissolved corporation. We do not believe that the instructed verdict was warranted under the record before us.

Article 1388, R.C.S., provides that upon the dissolution of a corporation, unless a receiver is appointed by some court of competent jurisdiction, the president and directors or managers of the affairs of the corporation at the time of its dissolution shall be trustees of the creditors and stockholders of the corporation with power to settle its affairs. Article 1389 provides that the existence of a corporation may be continued for three years after its dissolution for the purpose of enabling those charged with the duty to settle up its affairs.

Viewed in the light most favorable to appellants, the evidence shows that the corporation in question at the time of dissolution owned certain mineral properties which were for the most part, if not altogether, non-producing. The individual stockholders later put an undisclosed amount of their own money into development of the property and in 1947, more than three years after dissolution of the corporation, the two gas contracts in question were executed, pursuant to which gas was sold to the garnishee, and for some of which the garnishee owed in excess of $2000 at the time of garnishment. The contracts were made and signed in the name of "Ama-Gray Oil Company" but the contracts did not recite whether the named company was a corporation, partnership or other type of organization.

There is no evidence showing the value of the mineral properties at the time the corporation was dissolved. There is nothing in the record to show whether the mineral properties in question were taken over by the stockholders at the time of dissolution of the corporation or whether they were taken over and operated by the directors as the statutory trustees. If they were taken over by the stockholders at the time the corporation was dissolved, it seems to us that the two cases above cited would compel a holding that any cause of action against the stockholders with reference thereto was barred at the time the present suit was brought. On the other hand, if the properties were still being operated by the directors as the statutory trustees, even though the three year period mentioned in Article 1389 had passed, it seems to us that there would be no ground for saying that limitation barred appellee's right to subject to the payment of his judgment the funds which were in the hands of the garnishee, although appellee would not have the right by garnishment proceedings to prefer himself over other creditors of the dissolved corporation, if any there were. Orr & Lindsley Shoe Co. v. Thompson, 89 Tex. 501, 35 S.W. 473.

If the stockholders took over the properties of the corporation at such time as that appellee's right to proceed against the stockholders or the properties in their hands was not barred by limitation, there were no pleadings filed by appellee which could serve as a basis either for imposing personal liability on the stockholders or for subjecting properties in their hands to an equitable lien.

The record suggests to our minds a number of questions relating to the rights of creditors of dissolved corporations which have not been briefed by the parties, and which are perhaps not raised by the pleadings, but which we anticipate might arise on another trial. We shall not undertake to try to discuss such questions since we

do not know what the pleadings and the evidence may be on another trial. As we view the case, it has not been fully developed.

Judgment of the trial court is reversed and the cause is remanded.