**V. F. KNICKERBOCKER d/b/a Knicker-bocker Operating Co., Appellant,**

v.

**HALEY TRANSPORTS, INC., Appellee.**

No. 5688.

Court of Civil Appeals of Texas.

El Paso.

Dec. 30, 1964.

Tom Parker, Midland, for appellant.

Clyde Vinson, San Angelo, for appellee.

CLAYTON, Justice.

Appellee filed suit against appellant on open account for services rendered in the amount of $1,741.42 plus interest and attorney's fees. During the presentation of evidence to the jury the trial court withdrew the case from the jury and thereafter heard further evidence and rendered judgment against appellant in the amount of $1,350.00 with interest and attorneys' fees. Such judgment recites:

" * * * plaintiff's attorney offered in evidence the deposition of the defendant, who had not appeared in court, and while such deposition was being offered the Court deeming the testimony too involved for submission to the jury, withdrew the case from the jury, discharged the jury and proceeded to hear the rest of the testimony, and defendant after the deposition had been read, appeared in person and testified and both parties resting, the Court having heard the arguments of counsel thereupon finds for the plaintiff in the principal sum of $1,350.00 with interest at six percent per annum from Jan-

uary 1, 1961, plus $500.00 reasonable attorney's fee with interest at six percent per annum from date hereof, and all costs of Court, for which let execution issue.

"To which action of the Court defendant duly excepted and gave notice of appeal to the Court of Civil Appeals at El Paso, Texas."

The record shows that while appellee's attorney (Mr. Vinson) was on the witness stand, reading from appellant's deposition, the following transpired:

"THE COURT: Gentlemen, this Court wants to make this statement. These proceedings are a farce to tresspass upon this Court's time and this jury's time under the conditions. Neither one of these parties here are not interested enough, I presume; the witnesses are not here; we are reading from a mass of data here that no jury could decipher intelligently under any conditions, neither can this Court decipher it intelligently. The Court feels that this is a classic example of a case being ill-prepared and this Court is going to dismiss this jury at this time, and will take the matter itself and try to work something out intelligently in the matter. This case is not ready to be presented to a jury; this Court under no conditions could ever draft any special issues of any intelligence in the state of the record, so I feel that this Court is not going to ask this jury to remain here any longer. The Court will take the case from the jury and will decide it.

"MR. VINSON: Would you mind retiring the jury and let us discuss the case?

"THE COURT: I won't retire the jury. I am going to dismiss the jury. The Court has made these statements and the Court will take the case itself and see if I can come up with something. This jury will be dismissed.

Thank you very much for your attention, Ladies and Gentlemen. Thank you.

"(The jurors, being dismissed by the Court, retire from the courtroom).

"THE COURT: Proceed with putting on your evidence, Mr. Vinson. The Court then will make its decision. Would you go ahead?

"MR. PARKER: Your Honor, may we have just two or three minutes?

"THE COURT: Yes. I think this money is owed, all of it or substantially part of it."

■ The court having heard further evidence, entered judgment as stated above, and appellant took this appeal based on the sole point of error that the trial court erred in withdrawing the case from the jury during the presentation of appellee's evidence and in "directing a verdict" for appellee. This is not what was done by the trial court, but in contemplation of law, there is no difference between the action of a court in peremptorily instructing a verdict and then rendering judgment on such verdict, and the action of a court in dismissing the jury and rendering judgment. Cline v. Insurance Exchange of Houston, 154 S.W.2d 491 (Tex.Civ.App., 1941); affirmed 140 Tex. 175, 166 S.W.2d 677. But in either case the court must find as a matter of law that there is insufficient evidence under the pleadings to raise an issue to go to the jury. Id.; McDonald, Texas Civil Practice, Jury Trial: General, Vol. 3, sec. 11.25, p. 1025; 56 Tex.Jur.2d 537, sec. 194, Trial. See also In re Price's Estate, 375 S.W.2d 900 (S.Ct., 1964) at p. 904.

■ We can accord a sympathetic understanding to the desire of a trial court, when actually confronted with a situation such as is described in the present case, to speed up proceedings and save everyone's time and efforts by withdrawing the case from the jury. But we feel that this was done prematurely here. The evidence in

this case was not all before the court. Appellee had not finished with its evidence and appellant had been given no chance to put on his evidence at the time the case was withdrawn from the jury, and there is nothing in the record to indicate what such evidence might be, or that the court could anticipate that no fact issues would be raised. And although the trial court may have been motivated in taking the action that it did by a sincere desire to conserve time and efforts, " * * * we cannot sanction the denial of the right to a trial by jury in any case where it reasonably appears to be guaranteed by the provisions of our Constitution, although the public interest would be served by a speedy adjudication of the issues involved and trial by jury would necessarily involve considerable delay." Hatten v. City of Houston, 373 S.W.2d 525, 533 (Tex.Civ.App., 1963, ref. n. r. e.).

■ Appellee contends that if any error was committed by the Court in discharging the jury, such was harmless error. In the case of Wm. D. Cleveland & Sons v. Smith, 102 Tex. 490, 119 S.W. 843, the Texas Supreme Court in 1909 stated the following:

"The Court of Civil Appeals properly held that the trial court committed error in denying to plaintiffs in error a trial by jury upon their proper demand. The point is sufficiently discussed in the opinion of Chief Justice Pleasants. Having held thus, the Court of Civil Appeals refused to reverse the judgment of the trial judge, rendered upon a hearing without a jury, because it was thought no injury was done, inasmuch as the court would have been justified upon the evidence in instructing a verdict against the plaintiffs in error if a jury had been allowed. We think this is not a sufficient answer to the complaint. There were questions of fact in the case upon which plaintiffs in error were entitled by both the Constitution and the statute to have a jury pass. The trial court, in order to render the judgment, had to find facts

which it was the right of the plaintiffs in error to have only a jury find; and such findings cannot support a judgment thus erroneously rendered. The following authorities are in point: American Mtg. Co. v. Hutcheson [Hutchinson], 19 Or. 334, 24 Pac. 515; In re Robinson's Estate, 106 Cal. 493, 39 Pac. 862; Hinchley [Hinchly] v. Machine, 15 N.J.Law, 476; Swasey v. Adair, 88 Cal. 179, 25 Pac. 1119; Chasteen v. Martin, 81 N.C. 51.

"Whether or not the trial court might properly have instructed a verdict, had the case been tried before a jury, with evidence the same as that adduced before him, may admit of grave doubt; but, however that may be, it cannot be assumed, for the purpose of avoiding the effect of the denial of the right to a jury, that, had it been allowed, the evidence would have been the same in all respects as that before the judge. We think it clear that, if such an error can ever be cured by such a reason, it would only be when it is clear beyond peradventure that there were no facts to be found from evidence."

We feel that the foregoing statement is peculiarly applicable to the case at hand, especially in view of the fact that the court, in stating that "I think this money is owed, all of it or substantially part of it" indicated that he would have to pass on questions of fact. Nor can it be said here that there were no facts to be found from evidence "beyond peradventure". We have found no authority later than the Cleveland case which is at variance with the pronouncement in that case, and we believe it to be controlling here. Therefore, under such authority and because it is our opinion that the interests of justice and the parties themselves will be better served, we feel compelled to sustain appellant's point of error and to reverse and remand this case to the trial court for new trial.

Reversed and remanded.