Barney **WEINSTEIN**, Appellant,

v.

**WILHIDE EQUIPMENT CO., Inc., Appellee.**

No. 171.

Court of Civil Appeals of Texas.

Tyler.

Dec. 2, 1965.

Jay S. Fichtner and Gayle E. Oler, Dallas, for appellant.

Henry Stollenwerck, Dallas, for appellee.

MOORE, Justice.

This is a garnishment suit. Wilhide Equipment Co., Inc. sued Southwest Business Investment Company, Inc., a corporation, hereinafter referred to as Southwest, upon a debt and ancillary thereto impleaded Barney L. Weinstein as garnishee, alleging that he was indebted to Southwest. On October 18, 1962, Weinstein answered the writ of garnishment alleging under oath that he was not indebted to Southwest. Subsequently, on the 23rd day of September, 1963, Wilhide Equipment Co., Inc. recovered a judgment on the debt against Southwest for $815.00.

The present garnishment suit against Weinstein finally reached trial on January 25, 1965. Trial was before a jury, but at the conclusion of all the evidence the court withdrew the cause from the jury and rendered judgment against Barney L. Weinstein, garnishee, in the sum and amount of $698.14, from which he perfected this appeal.

Appellant contends in his fourth Assignment of Error that the judgment must be reversed because appellee, Wilhide Equipment Company, Inc., wholly failed to prove that the debt and judgment based thereon remained unpaid and unsatisfied at the time of trial, and without which appellee failed to sustain its burden of proof required for garnishment. We think this contention must be sustained.

The cause of action having been withdrawn from the consideration of the jury, the well-established rule is that it can be upheld only if the evidence, viewed in a light most favorable to appellant, shows without dispute that the appellee-garnishor was entitled to a judgment against garnishee Weinstein. Holt v. Marshall (Tex. Civ.App.), 222 S.W.2d 1018.

Appellee's cause of action for garnishment rests upon its judgment against Southwest and hence appellee had the burden of showing that a final judgment had been rendered in its behalf against the debtor before a recovery could be had against the garnishee. 27 Tex.Jur.2d, par. 121.

Not only was the garnishor required to show that its debt had been reduced to a final judgment, but it was also required to prove that at the time of the garnishment trial, it remained unsatisfied and unpaid and that the garnishor owned said judgment. Such showing is essential to entitle the garnishor to a judgment against the garnishee. A. G. Schwab & Son v. Norwood (Tex.Civ.App.) 183 S.W. 807; Alamo Paint & Wall Paper Co. v. Kampmann (Tex.Civ.App.) 105 S.W.2d 492.

Although appellee, Wilhide Equipment Co., Inc., introduced its judgment establishing its debt against Southwest, there is no evidence in the record showing that the previous judgment was a final judgment or that it remained unsatisfied and unpaid or that the garnishor owned the judgment at the time of trial. As pointed out above, the judgment establishing the debt against Southwest was rendered approximately one year and four months prior to the present trial. We think the garnishor would have the burden of offering some proof showing that the judgment had not been appealed from or reversed or revised; had not been paid and was presently owned by it. Without such proof, it follows that the judgment is not supported by the evidence.

Having reached the foregoing conclusion in disposing of appellant's fourth Assignment of Error, we deem it unnecessary to discuss in detail the remaining assignments. We have, nevertheless, considered the remaining assignments and have concluded that each of them are without merit.

Under the record before us, it appears that the facts were not fully developed in the trial court and for that reason, we believe that the ends of justice would be better served if the cause was reversed and remanded for a new trial.

Reversed and remanded.