**Marie DAWSON, Appellant,**

v.

**T. C. MORROW, Appellee.**

**No. 4079.**

Court of Civil Appeals of Texas.

Eastland.

June 3, 1966.

Rehearing Denied June 24, 1966.

Ben E. Jarvis, Tyler, Brigman, Martin & Smith, Fred C. Brigman, Jr., Houston, for appellant.

Gordon R. Wellborn, Rex Houston, Henderson, for appellee.

WALTER, Justice.

Marie Dawson, independent executrix of the estate of Pleas E. Dawson filed suit against T. C. Morrow on a sworn account. Morrow filed a verified answer. The court granted defendant's motion to withdraw the case from the jury and render a take nothing judgment after the plaintiff rested. The plaintiff has appealed.

The appellant contends the court erred in rendering such a judgment because she introduced evidence of probative force on all elements of her cause of action. We must view the evidence in the light most favorable to the appellant in determining whether it was proper for the court to withdraw the case from the jury and render judgment for the defendant. White v. White (1943), 141 Tex. 328, 172 S.W.2d 295; Herbst v. Martinez (Ct.Civ.App. 1957) 307 S.W.2d 633 (no writ history).

The appellee filed a sworn denial in accordance with Rule 185. In Davis v. Gilmore (Ct.Civ.App.1951), 244 S.W.2d 671, (writ ref.), at page 674, the court said:

"The sworn account was met by a sworn denial which required appellees to establish their account by legal and competent evidence independent of the aid of Rule 185, Texas Rules of Civil Procedure."

Did the appellant introduce any evidence of probative value showing services performed and that the charges made therefore were usual, customary or reasonable? Ninety-three exhibits were admitted in evidence. The first was an invoice from appellant to appellee for a unit and operator for ten hours at ten dollars per hour and thirty hours for three extra men at two dollars and twenty-five cents per hour on the Lambert A Lease, Well number two. Exhibit number two was a written instrument dated October 3, 1961, to appellee for a unit and operator for ten hours at ten dollars per hour and thirty hours for three extra men at two dollars and twenty-five cents per hour. This instrument was signed by Jack Ramey, superintendent for appellee. Appellant's exhibit number ninety-three contained seven purchase orders from ap-

pellee, signed by his superintendent, covering some of the invoices which had been admitted in evidence.

Marie Wallesch testified substantially as follows: I have been employed by Mr. and Mrs. P. E. Dawson since August 1957, as a bookkeeper, secretary and general flunky on everything; as far as the books are concerned, I have become well acquainted with the business; I have been in charge of the books since I started working for the Dawsons; I am the only employee in the office now but in the past I have had some help, off and on, to help me catch up; I have kept the books or been responsible for keeping the books since I started working for the Dawsons; entries were made in the books in the regular course of business from information furnished me by employees who had personal knowledge of the events; this information was furnished to me in the regular course of business, usually once a week, and sometimes the gang brought them in the middle of the week; based on that information I prepared the invoices; the original invoices were sent to Mr. Morrow once a month; the invoices were made from the work orders; the charges made for such services were usual and customary. She was asked the following questions and she gave the following answers:

"Q. Mrs. Wallesch, how were the charges listed on these invoices arrived at?

A. You mean what it cost?

Q. Yes, ma'am.

A. They were set charges by all of the well servicing."

If an issue of fact is raised by the evidence, it must go to the jury even though the court might set aside the verdict because it was not supported by sufficient evidence. Wallace v. Southern Cotton-Oil Co. (1897), 91 Tex. 18, 40 S.W. 399. After giving credit to all evidence favorable to appellant and after indulging every legitimate conclusion which may be drawn there-

from, we have concluded that fact issues were raised and the court erred in withdrawing the case from the jury.

The judgment is reversed and the cause is remanded.