**Betty Joe LEE et al., Appellants,**

v.

**CHUMLEY LUMBER COMPANY, Inc.,
et al., Appellees.**

**No. 452.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 17, 1971.

Rehearing Denied April 14, 1971.

---

L. Giles Rusk, Houston, for appellants.

Tom W. Foster, Weitinger, Bradshaw & Foster, Houston, for appellees.

SAM D. JOHNSON, Justice.

This wrongful death action was brought by the widow and children of John D. Lee who was killed on December 26, 1966 in a motor vehicle collision. The defendants were Chumley Lumber Company and its driver, Paul Wayne Chumley, and also Whitney Truck Lines, Whitney Trucking Co. and Milton J. Whitney (hereinafter referred to as "Whitney"). Before the jury selection began the trial court granted the plaintiffs' motion for a non-suit as to Chumley Lumber Co., and its driver, Paul Wayne Chumley. After a trial before a jury the trial court, on the defendant Whitney's motion, withdrew the case from

the jury and rendered judgment that the appellants take nothing by their suit against Whitney. The appellants, plaintiffs in the trial court, have perfected this appeal.

The record reflects that during the early evening hours on December 21, 1966, the decedent, John D. Lee, was operating his pick-up truck and proceeding north on U. S. Highway 59 between the San Jacinto River and the community of Porter, Texas. This portion of Highway 59 is a two-lane highway with two driving lanes, one lane for north bound traffic and one lane for south bound traffic. An automobile driven by Clarence E. Smith was traveling behind the Lee pick-up truck. The appellee Whitney left a cafe in an area known as Black Cat Ridge and proceeded north on Highway 59 until he came up behind the Smith automobile which was following the Lee vehicle. Whitney testified that he intended to pass both the Smith and the Lee vehicles because they were only going about 35 m. p. h. Whitney passed the Smith automobile and pulled in behind the Lee pick-up. Whitney did not attempt to pass the Lee vehicle, however, because as he testified, he noticed it weaving across the center line. Whitney testified that he first pulled up to within one car length of the Lee pick-up and then backed off about 2 or 3 lengths of his tractor-trailer. The substance of Whitney's testimony was to the effect that he considered himself precluded from passing the Lee vehicle because of the manner in which it was being operated. Whitney testified that he followed the Lee vehicle for several miles and that it continued to sway, swerve and go across the center line. Whitney also testified that he followed in a relatively close proximity to the Lee vehicle during all of this distance and that he felt both he and Lee were in danger.

The collision occurred when the Lee pick-up suddenly turned to the left and across the center line of the highway in front of a service station in Porter, Texas. The Lee pick-up went at least partially across the center line and was struck on the right front side by the south bound Chumley Lumber tractor-trailer. The Lee vehicle was crashed around and spun back into the north bound lane where it was almost instantaneously struck by the trailing Whitney vehicle. It was testified that the body of the driver of the pick-up (John D. Lee) flew through the air after the first impact with the Chumley truck. In any event when the vehicles came to a stop, the Whitney truck was still partially on the pavement in the north bound lane and the body of John D. Lee was found between the drive wheels of the Whitney tractor on the left side. The body of Lee was severely crushed noticeably in the pelvic or mid-section. Lee was dead.

�emt▬ When a trial court withdraws the cause from the jury at the conclusion of the evidence and renders judgment, the judgment will be upheld only when the evidence is such that no other verdict can be rendered and the winning party is entitled to a judgment as a matter of law. White v. White, 141 Tex. 328, 172 S.W.2d 295; Knickerbocker v. Haley Transports, Inc., Tex.Civ.App., 386 S.W.2d 621, no writ hist.; Weinstein v. Wilhide Equipment Co., Tex.Civ.App., 397 S.W.2d 94, no writ hist. In making the determination of whether the trial court properly withdrew this case from the jury, we must view the evidence in the light most favorable to appellants' case. White v. White, supra; Gillum v. Rogers, Tex.Civ.App., 430 S.W. 2d 822, ref., n. r. e.; Kingsley v. Western Natural Gas Co., Tex.Civ.App., 393 S.W.2d 345, ref., n. r. e. This Court is required to indulge against the trial court's decision in this case, every inference that may properly be drawn from the evidence. White v. White, supra; Henderson v. Mason, Tex. Civ.App., 386 S.W.2d 879, no writ hist. The trial court erred in withdrawing this case from the jury if the record reflects any testimony of probative force in favor of the appellants. White v. White, supra. If an issue of fact is raised by the evidence the case must go to the jury even

though the court might set aside the verdict on the ground that it was not supported by sufficient evidence. Wallace v. Southern Cotton-Oil Co., 91 Tex. 18, 40 S. W. 399 (1897); Dawson v. Morrow, Tex. Civ.App., 404 S.W.2d 681, no writ hist.

■ The appellants contend that the trial court erred in withdrawing the case from the jury because the evidence raised fact issues as to all the requisites of the doctrine of discovered peril. The elements of discovered peril involve the exposed condition of the plaintiff, its actual discovery by the defendant in time to avert injury by the use of all means at his command commensurate with his own safety, and the negligent failure to use such means. Hinojosa v. Stephens, Tex.Civ.App., 461 S. W.2d 232, no writ hist.; Burton v. Billingsly, Tex.Civ.App., 129 S.W.2d 439, writ ref. The evidence here indicates that the Lee vehicle was being driven in an erratic manner and had been swerving across the center line of the highway for approximately four miles before the collision. Whitney admitted that he felt that both he and the driver of the Lee pick-up truck were in danger when he first pulled in behind it several miles before the place of the collision. There appears to have been nothing which would have prevented Whitney from stopping, dropping back or otherwise removing himself from what he admittedly recognized as a dangerous situation. Viewing the evidence as we must it is apparent that Whitney took no action to remove himself from what he recognized as a dangerous situation, but rather continued to follow and place himself and his tractor truck and trailer in close proximity to the Lee vehicle.

There was evidence that Whitney was following the Lee vehicle in such close proximity as to be unable to avoid involvement with any accident in which the Lee vehicle might become involved. Whitney was driving a tractor truck and was pulling a 32-foot trailer. The weight of the tractor alone, disregarding the trailer, was approximately 16,000 pounds. Whitney testified that he was maintaining a distance of 2 or 3 lengths of his tractor trailer from the Lee vehicle when it made its sudden left turn at a speed of approximately 35 m. p. h. across the roadway. Whitney estimated that if he had been traveling at a speed of 40 m. p. h. under the conditions that existed at the time of this collision, a distance of 4 lengths of his tractor-trailer would be required to stop his vehicle. This testimony and these admissions from Whitney make it apparent that he was aware of the fact that he could not stop his tractor-trailer within the distance he was following the Lee pick-up. The physical evidence assures that he did not do so.

■ Moreover, the witness Clarence E. Smith (who was following both the Whitney and the Lee vehicles) testified that Whitney was following "fairly close" behind the Lee vehicle at a distance that "possibly could have been one and one-half car lengths from him (Lee)." Smith stated that Whitney's collision with the Lee pick-up occurred almost immediately after the first collision with the Chumley truck. Again viewing this evidence as we must this version tends to place the Whitney tractor trailer even closer to the Lee vehicle at the time of the first collision. This evidence likewise finds support in the physical evidence and in the events immediately following the initial collision. Although a driver is not required to anticipate the negligent or unlawful conduct on the part of another he is not entitled to close his eyes to that which is plainly visible and which would have been observed and appreciated by a person of ordinary prudence similarly situated. DeWinne v. Allen, 154 Tex. 316, 277 S.W.2d 95 (1955). We hold that the quantum of evidence in the record is sufficient to raise a fact issue for the jury's consideration on the issue of discovered peril.

Whitney contends, however, that the appellants have failed to sustain the burden of establishing that Whitney's alleged negligence was a proximate cause of Lee's

death because there was no evidence of Lee's condition after the first collision with the Chumley truck. It is to be recalled that the initial impact was against the right front of the Lee vehicle. The appellants introduced evidence that the left or driver's side and area of the Lee vehicle was not severely damaged in either of the two collisions. The driver's area of the pick-up truck could be entered and occupied after the collisions. This evidence supports an inference, at least, that Lee was not compressed in the cab of his pick-up as a result of the initial collision. Lee's body was found between the drive wheels of the Whitney truck. A witness testified that Lee's body was crushed across the pelvic area and it is apparent that the front wheel of the Whitney truck ran over the body of Lee. Discarding, as we must, the adverse evidence, and giving full credit to all the evidence and inferences favorable to the appellants, there is evidence from which a jury might conclude that had Lee not been involved in a collision with and run over by the Whitney truck, Lee would not have died.

 It is further contended by the appellee Whitney that the trial court correctly withdrew this case from the jury because the decedent Lee's conduct constituted contributory negligence as a matter of law. A determination of whether Lee was contributorily negligent as a matter of law is not necessary on this appeal because the appellee Whitney may be held liable under the doctrine of discovered peril notwithstanding a finding that Lee was contributorily negligent. 40 Tex.Jur.2d Negligence, Sec. 98, p. 604; Edmiston v. Texas & N. O. R. Co., Tex.Civ.App., 111 S.W.2d 848, rev'd on other grounds, 135 Tex. 67, 138 S.W.2d 526; Missouri-Kansas-Texas R. Co. of Texas v. Cheek, Tex.Civ.App., 18 S. W.2d 804, dismd.

We are compelled to conclude that the trial court committed reversible error in withdrawing this case from the jury because the evidence raised fact issues in re-

gard to Whitney's negligence under the doctrine of discovered peril and whether or not Whitney's alleged negligence was a proximate cause of Lee's death. Appellants' points of error 1 through 5 are sustained and we do not reach point of error number 6.

Reversed and remanded.