**Byron BURNETT, Appellant,**

v.

**William JAMES, Appellee.**

**No. 19437.**

Court of Civil Appeals of Texas, Dallas.

March 14, 1978.

Rehearing Denied April 5, 1978.

Jay M. Goltz, Dallas, for appellant.

Thomas Hight, Jr., Hight & Hight, Dallas, for appellee.

AKIN, Justice.

This is an appeal from a judgment rescinding a written contract between Burnett and James and awarding James $400.00 as attorney's fees predicated upon § 17.50(b)(4) of the Deceptive Trade Practices Act, Tex.Bus. & Com.Code Ann. (Vernon Supp.1977) which provides that a consumer may recover "any other relief that the court deems proper." Appellant, Burnett, filed this action to recover under a retail installment sales contract for the installation of a central heating and air-conditioning unit in appellee's home. Burnett alleged that he fully performed the agreement. When James refused to pay, Burnett chose to mature the installment note, which was a part of the agreement, and sued for the amount of the note plus 10% attorney's fees. James answered that Burnett had breached the contract in that the unit was inadequate to properly heat and cool his residence and filed a cross-action alleging that appellant had represented that the unit was adequate to heat and cool his house and that, since it was not adequate, he was entitled to recover for a misrepresentation under the Deceptive Trade Practices Act. The trial court denied relief to Burnett on the installment note, but granted James judgment for $400.00 as attorney's fees and for rescission of the contract based upon the Deceptive Trade Practices Act. Since James did not plead for rescission, we hold that the trial court erred in granting this remedy under § 17.-50(b)(4). Since rescission here is improper and, since no damages in monetary amounts were proven by appellee and none awarded by the trial court, we also hold that the award of attorney's fees was improper. Because the trial court found that the unit was inadequate and not as appellant represented it to be, we remand, rather than render, in the interest of justice, so that appellee may tender evidence of monetary damage.

Appellant first argues that no violation of the Deceptive Trade Practices Act occurred because the term "adequate" is "dealers talk" or "puffing" and not a representation of quality. He contends that this was not a warranty, but was instead an expression of opinion. In support of this contention, he points to the distinction that a warranty is a positive affirmation of facts

while an expression of opinion is not a material fact since it is loose and conjectural. We need not determine whether the representation was a warranty since the Deceptive Trade Practices Act covers both warranties and representations that are false, misleading and deceptive. Consequently, we cannot agree that appellant's representation that the heating and cooling unit would be adequate is merely an expression of an opinion under the Deceptive Trade Practices Act. Although the term "adequate" may be an opinion, when it is used by an expert in a certain field, such as here, it is an opinion on which a purchaser is entitled to rely. The statement that the unit was "adequate" was equivalent to a representation that it would heat and cool the appellee's residence according to industry standards. The evidence here shows that the unit installed was three tons in cooling capacity and that the capacity required to adequately cool appellee's residence was a unit of 3.27 tons. We conclude, therefore, that appellant's representation that the unit was adequate was a misrepresentation by appellant, relied upon by appellee to his detriment, and, consequently, was a violation of the Deceptive Trade Practices Act.

### RESCISSION

■ Appellant next contends that the appellee neither pleaded nor proved grounds for rescission and that he had no prayer for such relief. We agree. In appellee's prayer, he asked the court for recovery against appellant in the amount of $7,000.00, interest and costs, and that they "be given such other and further relief, at law or in equity, to which he may show himself justly entitled." Since no specific prayer for rescission was pleaded, our question is whether a prayer for general relief will support a judgment for rescission under the Deceptive Trade Act. We hold that it will not. The general rule is that a prayer for general relief will authorize judgment for any relief a trial court has jurisdiction to grant so long as the judgment is supported by the allegations and proof and is consistent with the theory of

recovery stated in the pleadings. *Jennings v. Texas Farm Mortgage Co.,* 124 Tex. 593, 80 S.W.2d 931 (1935); *Seureau v. Mudd,* 515 S.W.2d 746 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n. r. e.). However, in certain instances, the type of relief must be specifically prayed for or the trial court cannot grant it. Rescission is one of these since rescission of a contract is inconsistent with a claim for damages, based on affirmance of the contract. *Freeman v. Anderson,* 119 S.W.2d 1081, 1083 (Tex.Civ.App.—Waco 1938, no writ); 2 McDonald, Texas Civil Practice 36.25 (1970). Here, in the absence of a prayer for rescission, we conclude that the judgment granting this remedy cannot stand. *First State Bank of Bedford v. Miller,* 563 S.W.2d 572 (Tex.1978).

■ Appellee argues, nevertheless, that he is entitled to such relief by virtue of the Texas Deceptive Trade Practices Act § 17.-50(b)(4) which provides that in any suit filed under this act, each consumer who prevails may obtain ". . . any relief which the court deems proper . . .". We hold that although the act permits rescission, the general rule that rescission must be specifically prayed for is still applicable. Consequently, the court erred in granting rescission.

### ATTORNEY'S FEES

■ Appellant attacks the award of attorney's fees on the ground that § 17.50(b) of the Deceptive Trade Practices Act provides for recovery of an attorney's fee only when treble damages are sought and recovered. We need not address this contention because of the decision in *Cordrey v. Armstrong,* 553 S.W.2d 798 (Tex.Civ.App.—Beaumont 1977, no writ), which held that a consumer must prevail in his action under the Texas Deceptive Trade Practices Act in order to recover attorney's fees. Since we have held that rescission was improper, James did not prevail under the act and, consequently, is not entitled to attorney's fees.

**410**

### RETAIL SALES AGREEMENT

Finally, appellant argues that we should enter judgment on the retail sales installment agreement because the trial court found that appellant had performed and was not paid. This we cannot do since the trial court also found that Burnett made a representation that the unit would adequately heat and cool the appellee's residence, that appellee relied on it and would not have entered into this agreement without this representation, and that the unit would not adequately heat and cool the appellee's residence. Thus, it appears that appellee is entitled to some relief, monetary or otherwise. But since no evidence exists as to the amount of damages suffered or of his entitlement to other relief so as to enable us or the trial court to render a judgment in his favor, in the interest of justice, we remand so that appellee may plead and prove grounds for appropriate relief. Tex. R.Civ.Proc. Rule 434, *Carnes v. Meador*, 533 S.W.2d 365, 371 (Tex.Civ.App.—Dallas 1976, writ ref'd n. r. e.).

Reversed and remanded.