**Brantley PRINGLE, Appellant,**

v.

**Clark NOWLIN, et al., Appellees.**

No. 18595.

Court of Appeals of Texas,
Fort Worth.

Jan. 28, 1982.

Rehearing Denied March 4, 1982.

Vincent F. Fialho, Fort Worth, for appellant.

Barlow, Gardner, Tucker & Garsek and James B. Barlow, Gloria I. Rice, Fort Worth, for appellees.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

OPINION

SPURLOCK, Justice.

Brantley Pringle, plaintiff and tenant in possession of law office space leased from Clark Nowlin and R. W. (Dick) McKithan, defendants and lessors, brought suit for damages. Cause of action upon which he declared by his petition was defendants' trespass on his leased premises and intentional destruction of plaintiff's gold leaf professional sign on a window of his premises advertising his law offices. Plaintiff averred that he was thereby deprived of his right to advertise his services and availability for employment as an attorney. Plaintiff sought damages for loss of income resulting from the deprivation of his right to advertise and also for exemplary damages. The important question on appeal is whether his pleadings might be deemed as extant to support an award of damages for the cost of the sign.

At the close of the evidence, the trial court withdrew the case from the jury, and, by his expressions, we know that the trial judge was of the opinion that the plaintiff had not proved loss of profits proximately resulting from defendants' act, and therefore no actual damages as prayed for by him. The plaintiff orally moved for nominal damages and, there being no objection by defendants, the trial court's judgment awarded plaintiff nominal damages only. Plaintiff appeals.

We reverse and remand.

The facts are undisputed. Plaintiff and defendants entered into a written lease agreement whereby plaintiff rented a suite of offices on the ground floor of the Lawyer's Building. Under the lease, plaintiff was entitled to place a sign in the north window of his suite of offices. Upon moving into the leased premises, plaintiff had his sign painted on the window pursuant to the lease agreement. Shortly thereafter, defendants requested that plaintiff remove the sign because other tenants in the build-

ing had complained that the sign breached certain convenants in their leases. After the initial request was made, plaintiff and defendants had several conversations concerning removal of the sign, but plaintiff never agreed to its removal. A few days later, the defendants, without authority of nor permission from plaintiff, instructed the maintenance engineer to remove the sign from plaintiff's window. The maintenance engineer entered plaintiff's leased premises during the evening or night when plaintiff's offices were closed and plaintiff not present and scraped the sign off of the window. As a result plaintiff filed suit.

In his first point of error, plaintiff complains of the trial court's withdrawal of the case from the jury, and rendering judgment awarding him nominal damages only, on the grounds that the evidence raised at least two fact issues as to damages which should have been submitted to the jury, to wit: First, the evidence established without objection that the replacement cost of the sign was $123.50, and (even if not accepted as indisputably established which we hold it was) the jury as trier of fact should have been permitted to determine the value of the sign intentionally destroyed by the defendants; Second, although nominal damages do not sustain an award of punitive damages, undisputed evidence having established the replacement value of the sign, this fact would support award of exemplary damages so that this issue should also have been submitted.

When the trial court withdraws a case from the jury at the conclusion of the evidence and renders judgment, the judgment will be upheld only when the evidence is such that no other verdict can be rendered and that the winning party is entitled to a judgment as a matter of law. In reviewing whether the trial court properly withdrew this case from the jury, we must view the evidence in the light most favorable to plaintiff's case indulging every inference that may properly be drawn from the evidence in plaintiff's favor. If an issue of fact is raised by the evidence, the case must go to the jury even though the court might later set aside the verdict on the ground that it was not supported by sufficient evidence. *Lee v. Chumley Lumber Company*, 465 S.W.2d 414 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n. r. e.).

Defendants contend that plaintiff was not entitled to a submission of an issue on the replacement cost of the sign because such was not supported by the pleadings; that plaintiff's pleadings could only support an award for damages for lost profit, the only actual damages alleged by plaintiff and supported by his pleadings.

The rules with respect to the pleading of damages in the plaintiff's petition are well recognized and are concisely stated in *Davis v. Standard Rice Co.*, 293 S.W. 593 (Tex.Civ.App.—Galveston 1926, writ dis'm) as follows:

"It is not necessary for a plaintiff to plead any specific rule for the measure of the damages claimed by him. All that is required is that he plead the facts which entitle him to recover damages and state the amount claimed, and it is for the court to apply the rule of measurement called for by the evidence.

\*      \*      \*      \*      \*      \*

"The only rule for the measure of actual damages applicable in all cases is that a plaintiff is entitled to recover the amount his pleading and evidence show he has lost by the wrong of the defendant."

And in *Texas Cities Gas Co. v. Ellis*, 63 S.W.2d 717 (Tex.Civ.App.—Waco 1933, no writ):

"The authorities are uniform in requiring that every element of a recovery be supported by pleading, and within the limits alleged:"

In his petition plaintiff alleged that the defendants unlawfully entered plaintiff's leased premises and intentionally destroyed and removed plaintiff's gold leaf professional sign with intent to destroy the sign, and render it unusable. Plaintiff sought special damages for loss of income as a result of the deprivation of his right to advertise and for exemplary damages for defendants' ma-

licious and intentional destruction of plaintiff's sign. Plaintiff prayed that "Plaintiff have judgment ... from the Defendants ... for the sum of $94,000.00 damages ... for ... $200,000 additional damages, as punitive or exemplary damages, ... and for such other and further relief, at law or in equity, to which he may show himself justly entitled."

It was undisputed at trial that the defendants had intentionally caused the destruction of plaintiff's professional gold leaf sign. Although the trial court excluded all evidence of special damages in the nature of lost net income or lost profits, plaintiff did testify without objection that the sign had no market value, but had a reasonable fair replacement cost of $123.50, such testimony being uncontroverted by the defendants.

According to 2 McDonald, TEXAS CIVIL PRACTICE, § 6.17.1 (1970):

"Whether the petition states a 'cause of action' depends upon the adequacy of the allegations to establish his right and a violation thereof by the defendant, rather than upon the statement of a particular remedy to which he believes himself entitled. If the allegations reflect, and the proof establishes, that he is entitled to some relief and furnish information from which the proper judgment may be determined, the court (if not prevented by the insufficiency of the prayer) should award the appropriate recovery."

Generally, a prayer for general relief will authorize judgment for any relief a trial court has jurisdiction to grant so long as the judgment is supported by the allegations and proof and is consistent with the theory of recovery stated in the pleadings. *Burnett v. James*, 564 S.W.2d 407 (Tex.Civ. App.—Dallas 1978, no writ).

In the present case, plaintiff's general allegations of defendants' trespass on his leased premises and defendants' destruction of plaintiff's property which plaintiff alleged caused him injury, was sufficient to give defendants notice of the general damage sustained by plaintiff as a result of defendants' conduct. Evidence was admitted without objection, that the sign had no market value but had a replacement cost of $123.50. It was not necessary for plaintiff to specially plead for the replacement cost of the sign as it is an element of general damage.

It is well established that all such damages as naturally and necessarily flow or result from the act complained of are considered general damages and need not be specially pleaded. Under a general allegation of damages, proof may be made of all damages that naturally and necessarily result from the defendant's wrongful act, and that are the proximate, natural and probable consequences thereof. 17 Tex. Jur.2d, Damages, § 194 and cases cited therein.

Plaintiff's prayer for $94,000.00 in damages is sufficient to satisfy the pleading requirement that the amount of damages sought to be recovered be alleged in the petition. (We note that alleged in the pleadings were lost profits of $94,400.00 and damage and loss by destruction of the sign with no amount plead, but established by the evidence at $123.50.) Where there is no specific allegation of the amount of damages made in the body of the petition but the prayer contains a statement of the amount, such a statement will be sufficient to sustain an award for an amount not to exceed that sum for which there was prayer. 17 Tex.Jur.2d, Damages, § 198.

We find plaintiff's pleadings, coupled with the proof on replacement value of the sign, sufficient to support an award of damages resulting from the defendant's intentional trespass and destruction of plaintiff's sign. Consequently, we are compelled to conclude that the trial court committed reversible error in withdrawing this case from the jury. Further, predicated upon submission of a special issue as to the replacement cost of the sign, plaintiff would in view of the evidence under the pleadings, also be entitled to submission of a special issue on exemplary damages.

Plaintiff's first point is sustained and we do not reach plaintiff's second point in which the complaint is of exclusion of proffered evidence.

Judgment is reversed and the cause remanded.

HOLMAN, Justice, dissenting on Motion for Rehearing.

I respectfully dissent from the order denying rehearing.

I would grant appellees' motion for rehearing and affirm the judgment.

On original submission, this court construed appellant's original petition as pleading a right to damages for the value of his sign, which the appellees destroyed.

Appellees' motion for rehearing correctly argues that the only loss which the appellant pled was a loss of income and profits due to the sign's destruction.

While the uncontroverted evidence shows the sign to have a $123.50 replacement value, appellant pled no damages for either the intrinsic or replacement values of the sign.

A trial court is required only to submit to the jury controlling issues. Tex.R.Civ.P. 277.

Upon the pleadings, the replacement value of the sign was not a controlling issue. Further, the evidence of such value was uncontroverted, leaving nothing for the jury to determine.

Appellant failed to introduce any probative evidence of a loss of profits occasioned by removal of the sign. There was evidence that appellant's net profits had increased slightly after the sign was taken.

I would hold that the appellant failed to plead and prove the damages he alleged, and that the trial court did not abuse its discretion in withdrawing the case from the jury and rendering judgment for nominal damages only.

For these reasons, I dissent and would affirm.