Freddie WRIGHT, Appellant,

v.

GENERAL MOTORS CORP., Appellee.

No. 01–85–01049–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 21, 1986.

Jake Johnson, Houston, for appellant.

Brock C. Akers, Vinson & Elkins, Houston, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION ON MOTION FOR REHEARING

WARREN, Justice.

On motion for rehearing, the opinion of this Court in case number 01–85–1049–CV, delivered June 5, 1986, is withdrawn, and this opinion is substituted in its place.

This is an appeal from the trial court's order granting appellee's motion for a directed verdict in a personal injury suit. We reverse and remand.

Appellant sued appellee for personal injuries and economic losses that she sustained when her automobile allegedly accelerated unexpectedly and crashed into the wall of a building. In a jury trial, appellee moved and was granted, over appellant's objection, an instructed verdict at the close of appellant's case.

In a single point of error, appellant argues that the trial court erred in granting the directed verdict against appellant because the evidence raised issues of material fact as to all the elements of appellant's cause of action.

Appellee contends that the evidence shows that appellant did not know what caused the accident. Pursuant to Tex.R. Civ.P. 419, appellee rejects appellant's version of the factual record and all references to the cause of the accident as resulting from an unexpected acceleration or that the accelerator pedal stuck at the time of the accident.

Appellant claims that the accident resulted when an unexpected acceleration of the engine in a 1977 Cadillac Coupe DeVille, owned and driven by the appellant, caused the car to crash into the wall of a building in an apartment complex. The accident occurred July 2, 1979, when, as appellant was entering a parking place at the Valley Apartments and attempting to stop, the car unexpectedly accelerated and crashed into the building wall.

Appellant testified that she had practically stopped her car in the parking space, had her foot on the brake pedal, had placed her transmission gear selector lever from "drive" into the "park" position, when the car lurched forward and crashed into the apartment building wall, all while her foot was on the brake pedal.

Shortly afterwards, Freddie Davis, a friend of the appellant, drove the Cadillac from the scene of the crash to appellant's nearby apartment. Mr. Davis testified that as he was driving, the accelerator on appellant's car stayed down after he took his foot off the accelerator.

Appellant's car was the subject of a recall campaign for a defective accelerator pedal. The appellee advised its dealers to cut off a rubber flap at the bottom of the accelerator pedal because the pedal flap could be inadvertently displaced by the floor covering and wedged under the accelerator pedal, causing increased engine speed, acceleration rate unanticipated by the operator, unexpected vehicle movement, and vehicle crash without prior warning. Seventeen days after the crash, appellant took her car to a Cadillac dealer, where a rubber flap at the bottom of the accelerator was cut off. Appellant testi-

fied that she drove the car until 1983 without further accelerator problems.

■ The standard of review applicable to an appeal from a directed verdict requires that the evidence be viewed in a light most favorable to the non-movant, indulging against the instruction every inference that may properly be drawn from the evidence. *White v. White*, 141 Tex. 328, 331, 172 S.W.2d 295, 296 (1943); *Gibbs v. Main Bank*, 666 S.W.2d 554, 557 (Tex. App.—Houston [1st Dist.] 1984, no writ). A peremptory instruction is warranted only when the evidence is such that no other verdict can be rendered and the winning party is entitled, as a matter of law, to a judgment. *White*, 172 S.W.2d at 296. If there is evidence on a controlling fact about which reasonable minds could differ, the trial court's judgment must be reversed and the cause remanded for a new trial. *Henderson v. Traveler's Insurance Co.*, 544 S.W.2d 649, 650 (Tex.1976). If an issue of fact is raised by the evidence, the case must go to the jury even though the court might set aside the verdict on the ground that it was not supported by sufficient evidence. *Lee v. Chumley Lumber Co.*, 465 S.W.2d 414, 416–17 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.).

■ In her single point of error, appellant asserts that the trial court erred in granting a motion for a directed verdict, over appellant's objection, because issues of material fact as to all elements of appellant's cause of action were raised by the evidence. We agree.

In her second amended original petition, appellant complains that a collision occurred when she was parking her car, and a rubber flap at the bottom of the accelerator pedal became stuck under the accelerator pedal, which caused the car to go out of control and crash into a building. Appellant further alleged that the car in question was defective and unsafe for its intended purposes at the time it left the control of appellee manufacturer and at the time the car was sold. Appellant asserted that the product was defectively designed and unreasonably dangerous in that the design allowed these vehicles to be built with an acceleration pedal having an extension or rubber flap at the bottom of the pedal.

Both parties agree that in a product liability case, a plaintiff must prove four elements:

(1) that the product was defective;

(2) that the defective condition existed at the time the defendant relinquished possession or control of the product;

(3) that the defect rendered the product unreasonably dangerous for its intended and reasonably foreseeable uses; and

(4) that the unreasonably dangerous condition of the product caused the injury. *See Rourke v. Garza*, 530 S.W.2d 794, 798 (Tex.1975).

At issue is whether appellant met her burden of proof in establishing the essential elements in the instant case. In addition to appellant's own testimony concerning the circumstances under which her car accelerated and crashed into a apartment building wall, appellant read into the record the deposition testimony of Richard E. Maiers, an industrial engineer employed by General Motors, who testified that his company was experiencing complaints of erratic engine idle, and that after a study of the problem, General Motors concluded the cause of the problem was the rubber extension at the bottom of the accelerator pedal. Mr. Maiers testified that General Motors issued a recall campaign to correct the problem and sent a letter to all owners to accomplish the task.

Appellant introduced into evidence the recall letter (plaintiff's exhibit 7) and a Dealer Product Campaign Bulletin (plaintiff's exhibit 8) as proof of the existence of the defect, pursuant to Tex.R.Evid. 407(b). From the above evidence, the jury could have found or logically inferred that the gas pedal on appellant's automobile unreasonably dangerous; and that the defective gas pedal was a producing cause of the accident.

Appellant's point of error is sustained.

The judgment is reversed, and the cause is remanded.