Elizabeth PRATT, Appellant,

v.

CITY OF DENTON, Appellee.

No. 2–83–194–CV.

Court of Appeals of Texas, Fort Worth.

May 24, 1984.

Kenney Yarbrough, Denton (on appeal only), for appellant.

Henderson, Bryant & Wolfe, and Ronald H. Clark, Sherman, for appellee.

Before FENDER, C.J., and HUGHES and JOE SPURLOCK, II, JJ.

## OPINION

FENDER, Chief Justice.

This is an action brought by Elizabeth Pratt against the City of Denton, Texas, for damages arising out of the demolition of structures on Mrs. Pratt's property as a public nuisance. Trial was to a jury, which found that the structures on the lot constituted a nuisance; that in carrying out the demolition procedure the city did not act with a lack of care constituting conscious indifference to Mrs. Pratt's rights; and that Mrs. Pratt was not entitled to any damages as a result of the demolition. Based upon these findings, the trial court entered a take nothing judgment in favor of the city. The trial court also refused to grant Mrs. Pratt's post trial motion for a declaratory judgment that the City of Denton had a policy of demolishing houses without prior judicial determination, and that such policy constitutes a taking of property without just compensation in violation of the Due Process clauses of the United States Constitution, the Texas Constitution, and 42 U.S.C.A. § 1983 (West 1981). From the trial court's judgment, Mrs. Pratt appeals.

We affirm.

The lot involved in this case was purchased by Mrs. Pratt approximately fifty years before the trial, and she apparently lived there with her husband for a number of years. According to testimony produced at trial, however, the property had been in a dilapidated condition for a considerable period of time. Linnie McAdams, a witness who had lived near the property from 1968–74, testified that the lot was completely covered with debris, that the main building had partially burned, and that no repairs had ever been made to the building. Robert Hagemann, the City of Denton Fire Marshal, inspected the property and determined that it was both a fire and a health hazard. Mr. Bart Johnson, the City of Denton Code Enforcement Officer, also inspected the property and found that the lot was full of junk, that the roof of the main building and one wall had partially collapsed, and that the lot was covered over with thick brush and vines.

In August, 1978, the city filed a notice of demolition in the county deed records, but took no immediate action to demolish the property. Beginning in August 1979, the city began sending Mrs. Pratt a series of letters requesting her to clear her property of debris and stating that failure to do so would result in "action by the city attorney." These letters were sent by registered mail, and were received by Mrs. Pratt. Mrs. Pratt failed to respond to the first three letters, but did reply to the fourth letter. She stated in her reply that because of her age and poor health, it would be some time before she could clean the property. Mrs. Pratt never did clear the property, however, and the city sent her another letter again threatening action by the city attorney. The city received no response to this letter, and in November, 1980 demolished the property without sending further notice of intention to do so to Mrs. Pratt.

■ In her first point of error, Mrs. Pratt argues that the trial court erred in refusing to declare that the city had an unlawful policy of demolition prior to notice and hearing. Mrs. Pratt claims that the

city's failure to adequately notify her of its intention to demolish her property and grant her a hearing on the issue violated Article I, § 17 of the Texas Constitution, *Tex. Const.* art. 1, § 17, and the Due Process clauses of the fifth and fourteenth amendments to the United States Constitution, *U.S. Const. amend.* V and XIV, and thus gives her a civil cause of action under 42 U.S.C.A. § 1983 (West 1981). We need not address this contention, however, because we hold that Mrs. Pratt's failure to request special issues regarding whether she actually received adequate notice from the city before the demolition waived any cause of action she may have had under the lack of notice theory.

 In general, when a party fails to request an issue at trial, he waives that issue and may not assert it on appeal. TEX.R.CIV.P. 279; *Harris County Child Welfare Unit v. Caloudas,* 590 S.W.2d 596 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). An appellant is limited to the theories upon which the case is tried, and may not appeal the case on new or different theories. *Harris County, supra.* In the instant case, Mrs. Pratt proceeded on the theory that her property was not a nuisance and that she was entitled to damages from the city for the destruction of the property. Mrs. Pratt never requested an issue as to whether the city failed to give her adequate notice or opportunity for a hearing before proceeding with the demolition. Thus, the issue was waived at the trial court and Mrs. Pratt may not assert it as a new issue on appeal. Point of error one is overruled.

 In her second point of error, Mrs. Pratt argues that the trial court erred in refusing to declare that the city had an unlawful policy of demolition prior to' judicial determination. She contends that under Texas law, the issue of whether a property constitutes a nuisance cannot be determined by a city and must be decided by the courts. Thus, she claims that it is unlawful for the city to demolish a building without first obtaining a judicial determination that

the structure is a nuisance. We cannot agree.

As early as 1923, the Supreme Court held that a city need not obtain a prior judicial determination of nuisance before demolition. *City of Texarkana v. Reagan,* 112 Tex. 317, 247 S.W. 816 (1923). This rule was further explained by the El Paso Court of Civil Appeals in *Jones v. City of Odessa,* 574 S.W.2d 850 (Tex.Civ.App.—El Paso 1978, no writ). In holding that the Texas Constitution does not require a judicial determination of nuisance, the El Paso court stated the rule as follows: "[I]f destruction occurs before a judicial determination is made on the issue of nuisance, the City proceeds at its own peril, but may defend, when sued for damages, on the grounds that the property destroyed was in fact a nuisance." *Jones, supra* at 853. We agree with the El Paso court, and hold that Texas law does not require a judicial determination of nuisance before a city may demolish property. Point of error two is overruled.

Mrs. Pratt contends in her third point of error that the trial court erred in refusing to submit the following special issue to the jury: "Do you find from a preponderance of the evidence that prior to their demolition by the City of Denton, the houses of Elizabeth Pratt at 811 Cook Street in Denton could have been repaired so that they would no longer have constituted a nuisance without repairs amounting to a substantial reconstruction of the houses?" Mrs. Pratt argues that the refusal to submit this issue was error because under Texas law the owner has a right to repair his property, and in order to avoid liability the city must show not only that the property was a nuisance, but also that the conditions making it a nuisance could not have been corrected without repairs that would have amounted to a substantial reconstruction of the property. We find no merit to this contention.

 In support of her argument Mrs. Pratt cites *Crossman v. City of Galveston,* 112 Tex. 303, 247 S.W. 810 (1923) and *City of Houston v. Lurie,* 148 Tex. 391, 224

S.W.2d 871 (1950), both of which recognize a right of repair when the repairs would not amount to a substantial reconstruction of the building. However, these cases involve suits which were filed to determine the issue of nuisance *before the demolition of the building,* when the opportunity to cure a nuisance property by repair still existed. In a situation such as the instant case where the city has already demolished the property, the opportunity to cure a nuisance by repair has passed, and the only issue is whether or not the property was in fact a nuisance. *City of Dallas v. Wilson,* 602 S.W.2d 113 (Tex.Civ.App.—Dallas 1980, no writ). We hold, therefore, that the trial court properly refused to submit an issue regarding repairs, and accordingly overrule Mrs. Pratt's third point of error.

In her fourth point of error, Mrs. Pratt argues that the trial court erred in refusing to charge the jury upon the issue of whether the structures and items on Mrs. Pratt's lot immediately before the demolition constituted a public emergency presenting such an imminent and controlling exigency that all private rights must immediately give way. Mrs. Pratt contends that such refusal was error because in the absence of an imminent public emergency, the city was required to afford Mrs. Pratt a hearing and seek a judicial determination as to whether the property was a nuisance *before* it could legally undertake demolition. We disagree.

In support of her argument, Mrs. Pratt relies on *Stockwell v. State,* 110 Tex. 550, 221 S.W. 932 (1920). In *Stockwell,* the Supreme Court held that a municipality or government agency may demolish property without a prior judicial determination of nuisance if (1) the property is clearly defined as a nuisance by a statute or ordinance or (2) a public emergency exists which threatens public calamity and presents an imminent and controlling exigency before which, of necessity, all private rights must give way. In the instant case, therefore, a jury finding that no public emergency existed with regard to Mrs. Pratt's property would not in itself show

that the city acted illegally by destroying the property without a prior judicial determination of nuisance. In order to demonstrate such improper conduct on the part of the city, Mrs. Pratt would also have needed to obtain a jury finding that the City of Denton had an ordinance defining nuisance and that her property did not fall within that definition. Mrs. Pratt failed to request such an issue, however. Accordingly, we hold that any error which may have occurred in failing to submit the public emergency issue was harmless. Point of error four is overruled.

In her fifth point of error, Mrs. Pratt argues that the trial court committed error by submitting an issue on nuisance which was too general. The part of the issue to which Mrs. Pratt objected at trial reads as follows: "Do you find from a preponderance of the evidence that the structures and other items on the lot at 811 Cook constituted a nuisance immediately before November 21, 1980 [the date of demolition]?" Mrs. Pratt claims that the issue is too general because it would allow the jury to find only some of the structures to be a nuisance and still conclude that the city was justified in demolishing all of the structures on the lot. We find no merit to this contention.

Mrs. Pratt bases her argument on *Newton v. Town of Highland Park,* 282 S.W.2d 266 (Tex.Civ.App.—Dallas 1955, writ ref'd n.r.e.), a case in which an issue virtually identical to the one at bar was held to be too general. In *Newton,* the court found that the submission of the issue was error because the jury's answer amounted to a condemnation of the whole property and did not furnish the trial court any guidelines for determining which structures on the property should be destroyed and which should remain. The *Newton* case is distinguishable from the instant case, however, because in *Newton* the town did not contend that *all* of the structures on the lot in question were nuisances. In fact, the town admitted that the main building complied with the law and the town ordinances. *Newton* at 276. In the case at bar how-

ever, the City of Denton presented ample evidence that *all* of the structures and items on Mrs. Pratt's lot were seriously dilapidated and were thus a nuisance. Further, Mrs. Pratt made no attempt to distinguish any of the structures on the lot as being in better condition than others. We thus find no error in the submission of the nuisance issue, and overrule point of error five.

The judgment is affirmed.