**Allen W. CECIL and Valerie Cecil, Appellants,**

v.

**Dr. Scott FROST, Appellee.**

**No. 14–98–01021–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 2, 2000.

See also 2 S.W.3d 625.

John H. Ward, Houston, for appellants.

Rusty Hardin, Robert L. Galatas, Houston, for appellees.

Panel consists of Justices SEARS, CANNON, and DRAUGHN.[*]

## OPINION

BILL CANNON, Justice (Assigned).

Appellants appeal from a summary judgment for appellee (Frost) denying appellants claim for slander and slander per se. In two points of error, appellants contend the trial court erred in granting summary judgment because (1) the motion for summary judgment failed to address one of appellants' causes of action, and (2) appellee presented no evidence to support his claim that appellants' slander per se claim was improperly pleaded. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

Frost reported to the Texas Department of Protective and Regulatory Services (department) that he had seen two children living at appellants' address regularly playing in the street while unsupervised. He reported that the last time he saw the children playing in the street was on April 15, 1995. Ms. Kristen Welk–Moolchan, an investigator from the department, advised Mrs. Cecil that she "was there to investigate a report of neglectful supervision that took place on April 15, 1995." Mrs. Cecil denied the allegation, and Ms. Welk–Moolchan could not find anyone to substantiate Frost's allegation and closed the investigation. The department filed a false report charge against Frost, and a jury convicted him of this misdemeanor offense. *See* TEX. PEN.CODE ANN. § 42.06 (Vernon 1994). The conviction was affirmed by this court on appeal. *See Frost v. State*, 2 S.W.3d 625 (Tex.App.-Houston[14th Dist.]1999, pet. filed). Frost's appeal is now pending before the court of criminal appeals on his petition for review.

Appellants sued Frost alleging that his statements to the department were slanderous per se because they had a "tendency to injure the plaintiff Allen W. Cecil in his profession." Appellants also alleged that the statements were slanderous per se because Frost's false report to the department "essentially accused the Plaintiffs of the commission of a criminal act." Appellants further alleged that Frost's statements were spoken maliciously because "they were made with the knowledge that they were false or with such utter recklessness as to indicate a conscious indifference to the rights of plaintiff." Appellants asked for exemplary damages because of this malice.

Frost filed a motion for summary judgment alleging that appellants have not demonstrated any injury or damages as a matter of law. As summary judgment proof, Frost attached the depositions of Mr. and Mrs. Cecil. Mr. Cecil stated he had no damage to his profession as an executive of Exxon Corporation as a result of Frost's statements. Mr. and Mrs. Cecil further testified that they had incurred no out-of-pocket expenses, no medical treatment, no lost time from work, and no salary diminutions. Appellants admitted they suffered no monetary damages as a result of Frost's statements.

In their response, appellants contended that Frost "accused the Plaintiffs of conduct that placed a child younger than 15 years of age in imminent danger of death, bodily injury, or physical or mental impairment" which was a crime. Appellants also contended that their petition alleged slander per se and "injuries resulting from the malicious and willful negligence" of Frost in making the false statements. By this pleading, appellants contend they have been injured by his "negligent and malicious conduct as well as the slander per se."

The only summary judgment proof furnished by appellants was a copy of Deputy M. Gustafson's complaint to the District Attorney's Office setting out the facts underlying Frost's false report. Nothing in this affidavit indicates that Frost accused appellants of "intentionally, knowingly, recklessly, or with criminal negligence, by act or omission," engaging in conduct that placed their children in imminent danger of death, bodily injury, or physical or mental impairment." *See* TEX. PEN.CODE ANN. § 22.041(c) (Vernon 1994). The affidavit indicates only that Dr. Frost reported two children "playing in the street unsupervised," that this had happened before, and sometimes the mother watches the children, but she usually isn't around. Ms. Welk–Moolchan informed Mrs. Cecil that she was there "to investigate a report of neglectful supervision," not the crime of intentionally endangering a child. Appellants produced no other summary judgment proof to show Frost had accused them of a crime.

## II. DISCUSSION.

**A. Standard of Review.** In order to prevail on summary judgment, the movant must disprove at least one of the essential elements of each of the plaintiff's causes of action. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991). This burden requires the movant to show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). In determining whether a material fact issue exists to preclude summary judgment, evidence favoring the nonmovant is taken as true, and all reasonable inferences are indulged in favor of the nonmovant. *Id.; see also Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 477 (Tex.1995). Any doubt is resolved in favor of the nonmovant. *Nixon,* 690 S.W.2d at 548–49; *see also Doe,* 907 S.W.2d at 477.

A summary judgment may be affirmed on any of the movant's theories which has merit. *See Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 627 (Tex.1996). Appellate courts should consider all grounds for summary judgment the movant presented to the trial court when properly preserved for appeal. *Id.* at 625.

**B. Summary judgment on all causes of action.** In point of error one, appellants contend the trial court erred in granting summary judgment because Frost's motion for summary judgment did not address their cause of action for "malicious and willful negligence" in making the false statements. Appellants argue that Frost did not specially except to their pleadings, and his action for intentional infliction of emotional distress by making these false statements was not addressed.

Appellant raises "intentional infliction of emotional distress" by Frost's statements for the first time on this appeal. Apparently, appellants are claiming the trial court erred by not interpreting his pleading for exemplary damages as another cause of action, which he now states was a claim for the intentional infliction of emotional distress. By alleging Frost's words were "spoken maliciously" because they were made with the "knowledge that they were false or with such utter recklessness as to indicate a conscious indifference to the rights of" the appellants, appellants now claim they were suing for intentional infliction of emotional distress.

■ We hold that appellants have not properly preserved error regarding their right to recover under this theory. An appellant is limited to the theories on which the case was tried and may not appeal the case on new or different theories. *See Chubb Lloyds Ins. Co. of Texas v. Kizer*, 943 S.W.2d 946, 953 (Tex.App.-Fort Worth 1997, writ denied). A point not raised by pleadings, by a motion for new trial, or otherwise presented to the trial court may not be raised on appeal. *See Greater Fort Worth & Tarrant County Community Action Agency v. Mims*, 627 S.W.2d 149, 151 (Tex.1982). This theory of recovery is not supported by the pleadings. The pleadings gave no notice that Frost's false statements constituted intentional infliction of emotion distress. At best, the allegation was for exemplary damages for malicious slander. *See also Zaremba v. Cliburn*, 949 S.W.2d 822, 827 (Tex.App.-Fort Worth 1997, writ denied)(to recover on theory of intentional infliction of emotion distress, plaintiff must plead all elements including facts showing that "conduct was extreme or outrageous"). Because this argument may not be raised for the first time on appeal, we hold that it is waived. Appellant's point of error one is overruled.

■ **C. Slander per se.** In point two, appellants contend the trial court erred in granting summary judgment on their slander per se claim. Appellants argue that appellee presented no summary judgment proof that Frost's statements were not an unambiguous accusation of the commission of a crime. Appellants assert that the report of unsupervised children to the department could be construed as a criminal charge of endangering a child under article 22.041(c), Texas Penal Code. Appellee contends his statements were not an unambiguous accusation of a crime.

■ Slander is (1) a defamatory statement that is (2) communicated or published to a third person (3) without legal excuse. *Campbell v. Salazar*, 960 S.W.2d 719, 725–726 (Tex.App.-El Paso 1997, pet. denied); *Duran v. Furr's Supermarkets, Inc.* 921 S.W.2d 778, 792 (Tex.App.—El Paso 1996, no writ).

■ A statement is defamatory if the words tend to injure a person's reputation, exposing the person to public hatred, contempt, ridicule, or financial injury. Tex. Civ. Prac. & Rem.Code Ann. § 73.001 (Vernon 1986 & Supp.2000); *Campbell*, 960 S.W.2d at 725–726;. *Einhorn v. LaChance*, 823 S.W.2d 405, 410–11 (Tex. App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.). Whether words are capable of the defamatory meaning the plaintiff attributes to them is a question of law for the court. *Musser v. Smith Protective Serv., Inc.*, 723 S.W.2d 653, 654–55 (Tex. 1987); *Einhorn*, 823 S.W.2d at 411. The court construes the statement as a whole in light of surrounding circumstances based upon how a person of ordinary intelligence would perceive the entire statement. *Campbell*, 960 S.W.2d at 725–726. Only when the court determines the complained of language to be ambiguous or of doubtful import should a jury be permitted to determine the statement's meaning and the effect the statement has on the ordinary reader or listener. *Id.* If a written or oral statement unambiguously and falsely imputes criminal conduct to the plaintiff, it is libelous or slanderous per se. *Campbell*, 960 S.W.2d at 725–726; *Duran*, 921

S.W.2d at 792; *Ramos v. Henry C. Beck Co.*, 711 S.W.2d 331, 334 (Tex.App.—Dallas 1986, no writ).

In this case, the trial court determined that Frost did not unambiguously and falsely impute criminal conduct to appellants. *Campbell*, 960 S.W.2d at 725–726. This was a preliminary question of law for the trial court to decide. *Id.* In reviewing the statements and the surrounding circumstances, we find that a person of ordinary intelligence would not perceive the statements made to the investigator as an accusation of a crime. The statements made by Frost expressed concern at children being allowed to go unsupervised in the street, and did not accuse anyone of deliberately, recklessly, or with criminal negligence, place the children in *imminent danger* of death, bodily injury, or physical or mental impairment. The trial court did not err in granting summary judgment to Frost based on appellants' claim of slander per se by criminal accusation.

On appeal, appellant does not raise any issue as to the proof of injury to Mr. Cecil's profession. Because we have found these statements were not slanderous per se, the law requires evidence of injury to the Mr. Cecil's reputation to allow recovery. *Leyendecker & Associates, Inc. v. Wechter*, 683 S.W.2d 369, 374 (Tex.1984). The depositions of Mr. and Mrs. Cecil clearly show no money damages or other injuries to Mr. Cecil's reputation. We hold the trial court correctly granted summary judgment on appellants' slander and slander per se causes of action. We overrule appellants' point of error two.

We affirm the judgment of the trial court.