Affirmed and Memorandum Opinion filed February 20, 2003














Affirmed and
Memorandum Opinion filed February 20, 2003.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-01-00920-CV

_______________

 

JAMES A. McGUIRE, Appellant

 

V.

 

COMMISSION FOR LAWYER DISCIPLINE, Appellee

______________________________________________

 

On Appeal from
the 61st District Court

Harris County, Texas

Trial Court
Cause No. 97-22475

______________________________________________

 

M E M O R A N D U M   O P I N I O
N

            Appellant, James McGuire, appeals
from the denial of two motions for new trial following entry of an agreed
judgment for violations of the Texas Disciplinary Rules of Professional
Conduct.  Specifically, appellant
contends the trial court erred in: (1) allowing his motion for new trial to be
overruled by operation of law; and (2) failing to dismiss the complaint for
want of prosecution.  We affirm. 




Facts

            The
Commission for Lawyer Discipline (“the Commission”) filed suit against McGuire
alleging three separate incidents of attorney misconduct.  On May 21, 2001, the Commission and McGuire (represented by counsel)
entered into an agreed judgment. 
Nonetheless, on June 19,
 2001, McGuire’s counsel filed an unverified motion for new trial
and alleged that McGuire had not consented to the judgment.  On the same day, McGuire filed a pro se
motion for new trial with similar allegations. 
The record reflects that his motion was verified and he attached
affidavits signed by himself and his wife. 
Neither McGuire nor his attorney attempted to set their respective
motions for hearing.  Subsequently, both
motions were overruled by operation of law. 


Motion for
New Trial

            In his first point of error, McGuire
contends the trial court erred in overruling the motions because he raised
valid grounds for the court to grant a new trial.  We consider both motions because they were
overruled on the same grounds.  The
decision whether to grant a motion for new trial is reviewed for an abuse of
discretion.  See Strackbein v. Prewitt, 671 S.W.2d 37,
38 (Tex.
1984).  Where a motion for new trial is
overruled by operation of law, the same standard applies and the question
becomes whether the trial court abused its discretion by allowing the motion to
be overruled by operation of law.  See Dir., State Employees Workers’ Comp.
Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994); Bank One v. Moody, 830 S.W.2d 81, 85 (Tex.
1992).  The Commission contends McGuire
waived any error by failing to request a hearing, thus allowing his motion for
new trial to be overruled by operation of law. 
See Shamrock Roofing Supply, Inc.
v. Mercantile Nat’l Bank, 703 S.W.2d 356, 357 (Tex. App.—Dallas 1985, no
writ).  We agree.  There is no abuse of discretion when the
defendant “fails to call his motion to the trial court’s attention [through a
request for a hearing] and allows it to be overruled by operation of law.”  Id. at
357–58.  We could find an abuse of
discretion if McGuire, though diligent, was unable to obtain a hearing.  Id.  Our search of the appellate record reveals no
attempt by McGuire or his counsel to obtain a hearing.[1]  A trial court is not required sua sponte to
examine all motions filed, but relies on counsel to set such motions for
hearing.  Id. at
358.  Accordingly, the trial court did
not abuse its discretion in allowing McGuire’s motion to be overruled by
operation of law.  Id.; see Garcia v. Arbor
Green Owners Ass’n, Inc., 838 S.W.2d 800, 802
(Tex. App.—Houston [1st Dist.] 1992, writ denied); see also Fluty v. Simmons Co.,
835 S.W.2d 664, 668 (Tex. App.—Dallas 1992, no writ) (requiring party to obtain
hearing on motion for new trial before complaining trial court abused its
discretion by not granting motion for new trial that was overruled by operation
of law).  For the above reasons, we
overrule McGuire’s first point of error. 


Want of
Prosecution

            In McGuire’s second point of error,
he contends the trial court erred in failing to dismiss the suit against him
for want of prosecution.  He argues that
four years had elapsed between the date suit was filed and the trial.  We find appellant has not preserved error on
this issue because he raises it for the first time on appeal.  A point not raised by pleadings, by a motion
for new trial, or otherwise presented to the trial court may not be raised for
the first time on appeal.  Cecil v. Frost, 14 S.W.3d 414, 417 (Tex. App.—Houston [14th Dist.]
2000, no pet.).  Therefore,  we overrule McGuire’s second point of error
and affirm the judgment of the trial court. 


 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed February 20, 2003.

Panel
consists of Justices Edelman, Seymore, and Guzman.

 

 











            [1]  During oral argument, McGuire for the first time
claimed that the Commission set a hearing on his motion for new trial.  He further argued that the trial judge did
not attend the scheduled hearing.  McGuire’s
assertions were not reflected in the appellate record.  We informed McGuire that these assertions
were not reflected in the appellate record. 
If the trial court’s record reflects that a hearing was requested or
set, McGuire had the burden to present a sufficient appellate record to show
error.  See Melendez v. Exxon Corp., 998 S.W.2d 266, 274 (Tex. App.—Houston
[14th Dist.] 1999, no pet.)

 

            The rules of appellate procedure
permit McGuire to request that the trial court clerk file omitted items in a
supplemental appellate record.  See Tex.
R. App. P. 34.5(c)(1).  In the
weeks following oral argument, McGuire failed to supplement the appellate
record.  Instead, he filed a written
motion, asking the court to take judicial notice that the Commission requested
a hearing on his motion for new trial. 
We cannot take judicial notice of another court’s records without proof
of those records.  Cf. Richards v. Comm’n for Lawyer Discipline, 35 S.W.3d 243, 251 (Tex. App.—Houston [14th
Dist.] 2000, no pet.).