Affirmed in Part, Reversed and Remanded in Part, and Memorandum Opinion
filed May 27, 2004









Affirmed in Part, Reversed and
Remanded in Part, and Memorandum Opinion filed May 27, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00365-CV

_______________

 

RICHARD ARMIJO, Appellant

 

V.

 

MAZDA INTERNATIONAL, Appellee

________________________________________________________

 

On Appeal from the 164th District Court

Harris County, Texas

Trial Court Cause No. 01‑23225

________________________________________________________

 

M E M O R A N D
U M   O P I N I O N

In this defamation and tortious interference case, appellant
contends summary judgment was improperly granted in favor of appellee on all
claims.  Because all dispositive issues
are clearly settled in law, we issue this memorandum opinion.  See Tex.
R. App. P. 47.4.  We reverse the
trial court=s judgment and remand as to the
tortious interference with a contract claim. 
However, we affirm as to the tortious interference with a prospective
business relationship and defamation-based claims.     








I. 
Background

Appellee, Mazda International (AMazda@), is a manufacturer and distributor
of automobiles.  Mazda relies on
independently owned and operated dealerships to sell these automobiles.  Appellant, Richard Armijo, was employed as a
general sales manager by Joe Myers Mazda, one such dealership.  Appellant=s employment was terminated after six
months.  Appellant claims Mazda
representatives directed that appellant=s employment with Joe Myers Mazda be
terminated because he refused to testify falsely at a deposition in a case
involving another Mazda dealership.  He
additionally claims the Mazda representatives made false statements to
management personnel at the dealership about matters such as his professional
incompetence and dishonesty.  Appellant
alleges these statements have prevented him from obtaining comparable
employment at Mazda dealerships as well as other automobile dealerships.  Appellant sued Mazda for intentional
infliction of emotional distress, defamation, and tortious interference with
existing and prospective business relationships.[1]  Mazda filed a motion for summary judgment
based on both traditional and no-evidence grounds.  The trial court granted the motion, but did
not state the grounds on which it was doing so. 
Appellant has not challenged the dismissal of his intentional infliction
of emotional distress claim on appeal.  

II.  Discussion

A. 
Standard of Review








To prevail on a traditional
motion for summary judgment, a movant must establish that there is no genuine
issue of material fact and the movant is entitled to judgment as a matter of
law.  Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt.
Co., 690 S.W.2d 546, 548 (Tex. 1985). 
If a defendant conclusively negates at least one of the essential
elements of each of the plaintiff=s causes
of action, or conclusively establishes all the elements of an affirmative
defense, he is entitled to summary judgment. 
Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995). 
In deciding whether the summary judgment record establishes the absence
of a genuine issue of material fact, we view as true all evidence favorable to
the non‑movant and indulge every reasonable inference, and resolve all
doubts, in its favor.  Nixon, 690 S.W.2d at 548B49.

In a no-evidence motion for summary judgment, a party asserts
there is no evidence of one or more essential elements of the claims upon which
the opposing party would have the burden of proof at trial.  Tex.
R. Civ. P. 166a(i); Lake Charles Harbor and Terminal Dist. v. Bd. of
Trs. of the Galveston Wharves, 62 S.W.3d 237, 241 (Tex. App.CHouston [14th Dist.] 2001, pet.
denied).  Unlike a movant for traditional
summary judgment, a movant for a no‑evidence summary judgment does not
bear the burden of establishing a right to judgment by proving each claim or
defense.  Lake Charles Harbor, 62
S.W.3d at 241.  To defeat a no-evidence
summary judgment motion, the non-movant must produce evidence raising a genuine
issue of material fact.  Tex. R. Civ. P. 166a(i).  If an order granting summary judgment does
not specify the grounds on which it was granted, the judgment will be affirmed
if any one of the grounds is meritorious. 
Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).  

B. 
Defamation








Appellant claims Mazda defamed him, and he asserted causes of
action for slander, slander per se, libel, and libel per se.  An element of each of these causes of action
is the making of a defamatory statement. 
See Tex. Civ. Prac. & Rem. Code Ann. ' 73.001 (Vernon 1997); Randall=s Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 646 (Tex.
1995).  Mazda moved for summary judgment
on the ground that appellant had no evidence that anyone associated with Mazda
made a defamatory statement.  A
defamatory statement is one that injures a person=s reputation, exposing him to public
hatred, contempt, ridicule or financial injury. 
Cecil v. Frost, 14 S.W.3d 414, 417 (Tex. App.CHouston [14th Dist.] 2000, no
pet.).  Appellant contends that certain
portions of his affidavit and the affidavit of Kim Zaffino, an employee of Joe
Myers Mazda, prove a Mazda representative made defamatory statements.  However, the trial court sustained Mazda=s objection to these portions of
appellant=s affidavit on the ground that the
statements were based on hearsay.  The
trial court also sustained Mazda=s objections to the pertinent
portions of Zaffino=s affidavit on the grounds that the statements were based on
hearsay, they violated the Dead Man=s statute,[2]
and they were vague.  Appellant has not
challenged these rulings on appeal. 
Accordingly, we may not consider these portions of the affidavits as
evidence.  See Larson v. Family
Violence & Sexual Assault Prevention Ctr. of S. Texas, 64 S.W.3d 506,
517 (Tex. App.CCorpus Christi 2001, pet. denied).
 Therefore, we hold the trial court
properly granted Mazda=s no-evidence motion for summary judgment on appellant=s defamation claims.  Because we find the no-evidence summary
judgment was properly granted on these causes of action, we need not consider
Mazda=s additional grounds for summary
judgment on these claims.  See Carr,
776 S.W.2d at 569.

C. 
Tortious Interference

1.  Prospective
Relationship








Appellant also claims that Mazda tortiously interfered with
his prospective business relationships. 
The elements of tortious interference with a prospective business
relationship are (1) a reasonable probability of entering into a business
relationship, (2) an independently tortious or unlawful act that prevented the
relationship from occurring, (3) the defendant acted with a conscious desire to
prevent the relationship from occurring, or the defendant knew the interference
was certain or substantially certain to occur, and (4) actual harm or damages.  Baty v. Protech Ins. Agency, 63 S.W.3d
841, 860 (Tex. App.CHouston [14th Dist.] 2001, pet. denied).[3]  In its motion for summary judgment, Mazda
claimed appellant had no evidence of a reasonable probability of entering into
any business relationship.  Appellant
failed to identify, or present any evidence of, any such prospective
relationship.  Accordingly, we find
appellant presented no evidence on this element, and the trial court properly
granted summary judgment on appellant=s tortious interference with a
prospective business relationship claim.       


2.  Existing
Contract

Appellant also claims Mazda tortiously interfered with his
then-existing employment contract with Joe Myers Mazda.  The elements of tortious interference with an
existing contract are (1) an existing contract subject to interference, (2) a
willful and intentional act of interference with the contract, (3) that
proximately caused injury, and (4) actual damages or loss.  Prudential Ins. Co. of Am. v. Fin. Review
Servs., Inc., 29 S.W.3d 74, 77 (Tex. 2000). 
In its motion for summary judgment, Mazda specified the elements of
tortious interference with a prospective business relationship on which
appellant had no evidence, but it did not address the elements of tortious
interference with an existing contract.  See Tex.
R. Civ. P. 166a(i) (requiring a no-evidence summary judgment movant to
state the elements as to which there is no evidence).  Therefore, we will not review the motion as a
no-evidence motion for summary judgment on appellant=s tortious interference with an existing
contract claim.  See Adams v. Reynolds
Tile & Flooring, Inc., 120 S.W.3d 417, 419B20 (Tex. App.CHouston [14th Dist.] 2003, no pet.)
(presuming a movant sought traditional summary judgment where the non-movant
did not receive notice the movant was seeking a no-evidence motion).  

First, Mazda asserts that because appellant was an
employee-at-will, there was not an existing employment contract between
appellant and the Joe Myers dealership. 
Thus, Mazda reasons there is no employment contract with which it could
have interfered.








Mazda=s basic premise that there was no employment contract between
appellant and the Joe Myers dealership is wrong.  The courts for many years have considered an
employment-at-will agreement to be a contract. 
Furthermore, they have also held that when a third party interferes with
a terminable-at-will contract, it is no defense that the contract is an
employment-at-will contract terminable at will. 
Sterner v. Marathon Oil Co., 767 S.W.2d 686, 689 (Tex. 1989); Knox
v. Taylor, 992 S.W.2d 40, 57 (Tex. App.CHouston [14th Dist.] 1999, no pet.). 

Mazda also claims it conclusively proved the affirmative
defense of justification.  See
Prudential Ins. Co., 29 S.W.3d at 77B78 (noting justification is an
affirmative defense to tortious interference with a contract).  A party is privileged to interfere with a
contractual relationship if (1) it acts in the bona fide exercise of its own
rights, or (2) it has an equal or superior right in the subject matter to that
of the party to the contract.  Sterner
v. Marathon Oil, Co., 767 S.W.2d 686, 691 (Tex. 1989).  Although Mazda denies interfering with
appellant=s employment, it contends the
interference that appellant claims occurredCordering appellant=s terminationCwould have been justified as a bona
fide exercise of its own rights. 

Mazda claims because it has bona fide rights in its
relationship with the Joe Myers dealership and a financial interest in how the
dealership is operated, it could insist that appellant be fired.  See Lee v. Levi Strauss & Co., 897
S.W.2d 501, 505B06 (Tex. App.CEl Paso 1995, no writ.) (holding a company may act in a bona
fide exercise of its rights by insisting substandard employees of a company
with which it has an ongoing relationship be fired).  Mazda submitted evidence that appellant=s gross sales figures while he was
employed at Joe Myers Mazda did not meet expectations, and this was the reason
his employment was terminated.  








However, in his affidavit, appellant made the following
claim: Mazda employee Bob Lochner instructed him to testify falsely in a
deposition in a case involving another Mazda dealership because Mazda did not
want negative publicity.  He further
swore that Lochner told appellant that not testifying falsely could Aresult in bad things happening to
everyone.@ 
Appellant stated that he testified truthfully at his deposition.  He stated after his deposition was taken, he
observed Lochner and at least one other Mazda employee meeting with Joe
Myers.  Shortly thereafter he was
fired.  Appellant claims that prior to
his involvement with the litigation, he had exhibited good work performance.  This evidence favors appellant.  A fact issue is raised concerning whether
appellant was terminated because of his poor job performance or his refusal to
give false testimony as suggested by Mazda personnel.  Evidence that an employee was not fired
because of work performance constitutes some evidence that the company that
directed his termination was not acting in a bona fide exercise of its own
rights.  Sterner, 767 S.W.2d at
691.  Accordingly, we hold that Mazda did
not conclusively prove that it was acting in a bona fide exercise of its own
rights.  Because fact issues exist on
Mazda=s affirmative defense to appellant=s tortious interference with an
existing contract cause of action, we hold the trial court erred in granting
summary judgment on this claim.

III.  Conclusion

We reverse the judgment of the
trial court to the extent it dismissed appellant=s
tortious interference with an existing contract claim, and we sever and remand
this claim for further proceedings consistent with this opinion.  We affirm the trial court=s
judgment dismissing appellant=s
tortious interference with a prospective business relationship and
defamation-based claims.  

 

/s/        Jackson B. Smith, Jr. 

Senior Justice

 

Judgment rendered
and Memorandum Opinion filed May 27, 2004.

Panel consists of
Justices Fowler, Edelman and Smith.[4]

 

 











[1]  Appellant also
sued Joe Myers Mazda and Joe Myers, individually, but those claims were
dismissed on appellant=s motion.





[2]  Joe Myers is
deceased.  





[3]  The elements
of this cause of action changed after the Supreme Court=s decision in Wal-Mart Stores, Inc. v. Sturges,
52 S.W.3d 711 (Tex. 2001).  See Baty,
63 S.W.3d at 858B860 (discussing how the Sturges decision
changed the elements of tortious interference with a prospective business
relationship).  Both parties to this
appeal addressed the elements of this cause of action as they existed prior to Sturges.  However, the element at issue hereCthe existence of a reasonable probability that the
plaintiff would have entered into a business relationshipCremained an element of this cause of action after Sturges.  See id. at 860.  





[4]  Senior Justice
Jackson B. Smith, Jr., sitting by assignment.