

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-19-00291-CV

IN THE MATTER OF THE MARRIAGE OF HEATHER MAY WILLIAMS AND
ARTHUR ALBERT WILLIAMS, II

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2017-411,528,333, Honorable John J. "Trey" McClendon, III, Presiding

March 4, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Heather May Williams appeals from a decree divorcing her from Arthur Albert Williams, II. The sole issue before us concerns the trial court's characterization of the 69th Street house, which house was bought during the marriage. It ultimately awarded the house to Heather after characterizing it to be a community asset. That characterization amounted to an instance of abused discretion, in her view.[1] We affirm.

The characterization of property is determined as of the inception of title. *Attaguile v. Attaguile*, 584 S.W.3d 163, 173 (Tex. App.—El Paso 2018, no pet.). If bought before

---

[1] Williams filed neither an appellee's brief nor a motion to extend the time for filing one.

marriage, then it is presumed to be the separate property of the acquiring party. *Id.* If acquired during the marriage, it is presumed to be community property. *Id.* Yet, property acquired during marriage may be characterized as separate property when the evidence clearly demonstrates that it was purchased with separate property funds. *Id.*

Several other presumptions come into play when acquisition of the asset is financed. For instance, debt acquired by either spouse during marriage is presumed to be community debt, and an asset purchased with borrowed funds is presumptively a community asset. *Richardson v. Richardson*, 424 S.W.3d 691, 697 (Tex. App—El Paso 2014, no pet.); *accord Attaguile*, 584 S.W.3d at 174 (explaining that an asset is so characterized because it is presumed that credit was extended to the community for the purchase). Yet, like all presumptions, these too may be rebutted through clear and convincing evidence illustrating the property's actual characterization. *Attaguile*, 584 S.W.3d at 174.

Here, Heather contends that the 69th Street house has a "mixed property characterization" because the down payment came from her separate property. Therefore, her "separate estate owns equitable title to the 69th Street house and the community estate may own some interest in the property." Yet, that was not what she argued below. She said nothing of having equitable title to some percentage of the property due to her down payment. *See In re Perkins,* No. 07-02-0419-CV, 2004 Tex. App. LEXIS 713, at *5 (Tex. App.—Amarillo Jan. 23, 2004, pet. denied) (mem. op.) (stating that "if separate property is used to acquire community property, the estate making the separate property contribution has equitable title in the community property to the extent of the contribution"). Instead, she asserted to the trial court that "as a matter

of law, the house titled solely in [her] name on 69th Street . . . is her sole and separate property." Yet, the court noted that the situation before it was not one where the entire purchase price was paid with separate funds, only the down payment. It also alluded to the balance being financed.

If nothing else, the commentary from the trial court reflected its concern about one of the aforementioned presumptions. The presumption is that characterizing an asset as community when purchased during marriage on borrowed funds. Rebutting that presumption may have allowed the trial court to characterize the entirety of the house to be Heather's separate property, and the trial court was concerned about whether the presumption was rebutted. Indeed, it also voiced that concern in its additional findings of fact and conclusions of law.[2]

Heather wanted all the house to be characterized as her separate property at trial, not simply a portion of it. In denying that request, the trial court implicitly concluded that she had not proffered sufficient evidence to rebut those presumptions characterizing the home as a community asset, and it stated as much in an email to counsel explaining its decision.[3] Furthermore, no effort was made on appeal to illustrate that the evidence actually was sufficient to rebut the presumptions. Instead, Heather changed tact and posited a new theory on appeal. Because that theory for recovery was not urged below, we do not consider it now. *Cecil v. Frost*, 14 S.W.3d 414, 417 (Tex. App.—Houston [14th

---

[2] Per "additional conclusions of law" number 9, the trial court stated "that property purchased on credit during a marriage is community property unless there is an express agreement on the part[ ] of the seller to look solely to the separate estate of the purchasing spouse for satisfaction of the indebtedness."

[3] In the email, a copy of which Heather attached to her request for additional findings, the trial court said: "[Counsel for Heather] presented evidence that the house was deeded to [Heather] in her name alone and the note for the house was solely in her name as well. While I agree that this could be considered as some evidence of the property being separate, I do not believe this evidence is conclusive as to the issue of it being her separate property."

3

Dist.] 2000, no pet.) (stating that an "appellant is limited to the theories on which the case was tried and may not appeal the case on new or different theories"). And, this is especially appropriate given that the trial court ultimately awarded the house to her when dividing the community estate.

We overrule the issue and affirm the trial court's judgment.


Brian Quinn
Chief Justice