

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00049-CV

_____

OSMO HAUTANEN AND ISCHGL HOLDINGS, LLC, Appellants

V.

JOHN R. PICINIC, Appellee

_____

On Appeal from the 48th District Court
Tarrant County, Texas
Trial Court No. 048-290140-17

_____

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Osmo Hautanen and ISCHGL Holdings, LLC (collectively, "Hautanen") sued John Picinic for breach of contract, breach of fiduciary duty, and negligence. Following a bench trial, the court entered a take-nothing judgment but also entered findings of fact and conclusions of law in which it concluded that Hautanen, appellee John Picinic, and a third person, James Mannering, had formed a joint venture. In his sole issue on appeal, Hautanen contends that the court erred by failing to assign a proportionate share of the joint venture's losses to Picinic. We affirm.

## Background

### The Project

Hautanen and Picinic decided to try their hands at "flipping" a house. The parties had somewhat different views of Picinic's and Mannering's roles, but they all agreed that Hautanen's role was to finance the project. They also agreed that the original deal was for Hautanen and Picinic to split the profits equally. When Mannering was later brought into the deal, they modified the arrangement so that Hautanen would still receive 50% of the profits and Picinic and Mannering would split the remaining 50%. Hautanen testified that he bore the financial risk, and Picinic testified that he had no obligation to cover any losses on the project.

Hautanen bought a house in the Crestwood area of Fort Worth for $390,000, which the parties hoped to renovate and then resell for over $600,000. The project was plagued with problems that significantly increased the renovation costs. Although

the original renovation budget was roughly $70,000, Hautanen ultimately spent $142,000 for renovations and an additional $10,000 for repairs.

After several delays, including one caused by an electrical fire, the house was put on the market for $650,000. For six months, no one put in an offer. The parties then reduced the purchase price, but after another year they had still not received any offers. They finally leased the house for $3,400 per month under a one-year lease. The property still had numerous defects, though, and the tenants left after only 90 days. The house ultimately sold in 2018 for $450,000.

**Hautanen's Claims**

Hautanen sued Picinic, Mannering, and two general contractors who had worked on the project. He asserted claims for breach of contract, breach of fiduciary duty, negligence, gross negligence, and negligent misrepresentation, seeking actual and exemplary damages. By the time of trial, only Picinic remained as a defendant.

**The Court's Findings of Fact and Conclusions of Law**

The trial court conducted a two-day bench trial, at the end of which it asked the parties each to submit a short letter brief addressing "whether or not a joint[-]venture agreement necessarily implies an obligation or agreement to share losses." Both parties responded that an agreement to share losses is one factor to consider when determining whether a joint venture has been formed but that it is not determinative.

3

The trial court then entered a take-nothing judgment in Picinic's favor on all of Hautanen's claims. The court filed findings of fact and conclusions of law in which it concluded that the parties entered into a joint-venture agreement[1] and that Picinic did not breach that agreement, breach any fiduciary duty owed to Hautanen, or make any negligent misrepresentation. The court further concluded that Hautanen's losses, if any, were not the result of negligence or gross negligence by Picinic. The court made a fact finding that "[t]here was no agreement, expressed or implied, to share any losses arising from the [joint-venture agreement]."

Hautanen requested that the trial court enter an additional finding of fact: "Losses were suffered in connection with the IVA [sic] as follows: A loss of $94,321 ($390,000 purchase price plus $153,321 renovation costs for a total of $554,321, less $450,000 sales price)."[2] The court denied that request.

### Hautanen's Loss-Sharing Theory on Appeal

Hautanen contends in a single issue that the trial court erred as a matter of law by failing to assign a proportionate share of the joint venture's losses among the joint venturers. He characterizes his complaint as seeking review of "the trial court's

---

[1]Hautanen criticizes Picinic for characterizing the agreement as "oral" or "verbal" because the court's finding does not specify that the agreement was not in writing. But the record does not contain any written agreement between the parties, and Hautanen admitted at trial that there was no written agreement.

[2]Hautanen's requested finding contains a mathematical error: $390,000 + $153,321 - $450,000 = $93,321$ not $94,321.

conclusion of law that an absence of an express or implied agreement to share losses means the parties do not share the losses of the joint venture." The court did not, however, make any such legal conclusion. Hautanen's real contention is that, because the court found that the parties did not expressly or impliedly agree to share losses, it should have concluded that, by statute, Texas law provides for loss sharing as a default mechanism and thus should have rendered judgment allocating a portion of the joint venture's losses to Picinic.

Hautanen's loss-sharing theory of recovery[3] is based on chapter 152 of the Business Organizations Code. That chapter provides that "an association of two or more persons to carry on a business for profit as owners creates a partnership, regardless of whether: (1) the persons intend to create a partnership; or (2) the association is called a 'partnership,' 'joint venture,' or other name." Tex. Bus. Orgs. Code Ann. § 152.051(b). With certain inapplicable exceptions, "a partnership agreement governs the relations of the partners and between the partners and the partnership." *Id.* § 152.002(a). But the Code governs those relationships "[t]o the extent that the partnership agreement does not otherwise provide." *Id.*

No party contests the trial court's conclusion that Hautanen, Picinic, and Mannering formed a joint venture or its finding that there was no express or implied

---

[3]Picinic characterizes this theory as one either for winding up of the joint venture or for an accounting. We need not address this distinction because as we explain below, regardless of how it is characterized the theory is not properly before us.

agreement to share losses. Hautanen urges that the absence of such an agreement leaves a gap that is filled by Texas law, *see id.*, pointing specifically to Section 152.202:

> (b)   Each partner is charged with an amount equal to:
>
> (1) . . .
>
> (2) the partner's share of the partnership's losses.
>
> (c)   Each partner . . . is chargeable with a share of the partnership's capital or operating losses in proportion to the partner's share of the profits.

*Id.* § 152.202(b), (c).

Hautanen argues that because the trial court found that the parties had not agreed to share any joint-venture losses, the court was required to conclude that each joint venturer had to share losses in the same proportion as his share of the (theoretical) profits. *See id.* He further argues that he would have been entitled to rendition of judgment from this court if the trial court had also established the amount of the joint venture's losses by entering his additional requested finding of fact. Consequently, he asks that we remand for the trial court to determine the amount of losses suffered by the joint venture and to enter judgment against Picinic for his share of those losses.

### Waiver of the Loss-Sharing Theory

"An appellant is limited to the theories upon which the case is tried, and may not appeal the case on new or different theories." *Pratt v. City of Denton*, 670 S.W.2d 786, 789 (Tex. App.—Fort Worth 1984, no writ); *accord First United Pentecostal Church of*

*Beaumont v. Parker*, 514 S.W.3d 214, 224 (Tex. 2017); *Mitchell v. Bank of Am., N.A.*, 156 S.W.3d 622, 629–30 (Tex. App.—Dallas 2004, pet. denied); *Cecil v. Frost*, 14 S.W.3d 414, 417 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

Hautanen alleged three specific causes of action against Picinic: breach of contract, breach of fiduciary duty, and negligence (including gross negligence and negligent misrepresentation). The trial court concluded that Hautanen did not prove any of these causes of action, and Hautanen does not challenge those conclusions on appeal. Instead, he asserts that he is entitled to recover on the independent theory that, unless the parties have expressly agreed on a different split, joint venturers must share losses.

Picinic responds that Hautanen waived this loss-sharing theory of recovery because he neither alleged it in his petition nor otherwise raised it in the trial court. Indeed, the record does not reveal that Hautanen ever contended that Picinic should be held responsible for a share of the joint venture's losses merely by virtue of being a joint venturer. On the contrary, Hautanen repeatedly requested that the court award damages based on Picinic's alleged fault. For example, in his opening statement Hautanen asserted, "As a result of [Picinic's] conduct, Mr. Hautanen has sustained actual damages in excess of $200,000 plus attorney fees." In his closing statement, Hautanen identified his damages as the total amount he had spent, including the purchase price and costs of renovation and additional repairs, less the $450,000 he recouped when the property was sold. And in his proposed findings of fact and

conclusions of law, Hautanen did not correlate his requested recovery with any concept of proportionate loss sharing but instead identified it as "the difference between the purchase price plus renovation and miscellaneous costs, and the final sales price of the subject property."

Nevertheless, Hautanen now argues that he preserved his loss-sharing theory of recovery because Picinic was put on notice of it through both Hautanen's petition and his proposed findings of fact and conclusions of law. He also argues that the theory was tried by consent and that the trial court acknowledged the theory by requesting briefing on the issue of sharing losses. We address these four arguments in turn.

**1. Fair-Notice Pleading**

Hautanen argues that his current loss-sharing theory is properly before us because his petition gave "fair notice" of a claim for proportionate allocation of losses. Under Texas's fair-notice pleading standard, "[a] petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense." *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982). In the absence of special exceptions, courts liberally construe pleadings in the pleader's favor. *Bos v. Smith*, 556 S.W.3d 293, 306 (Tex. 2018). "Even so, a liberal construction does not require a court to read into a petition what is plainly not there." *Id.* (cleaned up).

Hautanen alleged in his petition that he and the defendants had entered a joint-venture agreement, but he did not allege any right to relief based on any implied loss-

8

sharing term of that agreement. He sought relief based only on various theories of fault attributed to the defendants, including breach of the agreement, breach of fiduciary duty, and negligence. In addition, Hautanen alleged that he was entitled to recover "actual (direct/general and consequential/special) and/or compensatory damages caused by the wrongful acts, and/or inactions, of Defendants," as well as exemplary damages for the defendants' alleged wrongful conduct. This requested relief is echoed in the petition's concluding prayer, which asked that the defendants "be found liable for all actual, consequential, incidental and exemplary damages."

A liberal reading of Hautanen's petition, including his factual allegations, causes of action, and requested relief, reveals that the loss-sharing claim he now urges "is plainly not there," in the words of *Bos. Id.* Still, Hautanen contends that his petition gave fair notice of a loss-sharing theory of recovery because it requested "such other and further relief to which Plaintiffs may be justly entitled." Hautanen reads too much into this ubiquitous wrap-up of a prayer for relief.

"Generally, a prayer for general relief will authorize judgment for any relief a trial court has jurisdiction to grant so long as the judgment is supported by the allegations and proof and is *consistent with the theory of recovery stated in the pleadings*." *Pringle v. Nowlin*, 629 S.W.2d 154, 157 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.) (emphasis added). As we have previously explained:

> But the prayer for general relief does not authorize the court to grant a form of relief which, though consistent with the facts pleaded, would take the defendant by surprise, as for a cause of action not pleaded, etc.

In this respect the prayer of the petition should not be read as enlarging the cause of action pleaded so as to embrace one which is not pleaded and/or because of which there is no relief sought; nor when by a construction of the prayer it does not reasonably appear that there was intent to claim such relief.

*Am. Quarter Horse Ass'n v. Rose*, 525 S.W.2d 227, 231 (Tex. App.—Fort Worth 1975, no writ).

Hautanen's prayer for general relief might have provided grounds to recover various types of relief appropriate to the causes of action he actually alleged. *See Pringle*, 629 S.W.2d at 157. But it cannot supply a cause of action that has not been alleged. *See Rose*, 525 S.W.2d at 231. Hautanen did not plead a claim for proportionate loss-sharing and did not seek relief based on such a claim, and it does not reasonably appear from his prayer for actual, consequential, incidental, and exemplary damages that he asked for such relief. *See id.* As a consequence, his prayer for general relief does not suffice to give fair notice of a claim for loss sharing or to authorize recovery on such a claim.

### 2. Proposed Finding on Sharing Losses

Hautanen also argues that he raised his loss-sharing theory in the trial court because he proposed a fact finding that "[t]he parties also agreed to split the losses of the Joint Venture." But Hautanen did not propose this finding as a basis for relief. Rather, he proposed it in the context of establishing the joint venture's existence, something necessary to support his claims for breach of the agreement and breach of fiduciary duties owed among joint venturers.

10

In addition, Hautanen's proposed finding is not that the joint venturers agreed to share losses based on their share of profits, but that they agreed that each would bear specific costs:

> The parties agreed to deductions to come from Mannering's and Picinic's companies; Mannering and Picinic forfeited their commissions; Mannering and Picinic agreed to bear the loss of extra costs to the Joint Venture after the Silva Defendants walked off the job; Mannering and Picinic also agreed to bear the loss, i.e., forfeit all profit they would have been due and paid out of pocket any amount that had to be paid twice; and Mannering and Picinic agreed to share in the losses when they agreed to "pa[y] for things [for the Joint Venture] out of their own pockets [as opposed to paying for things out of the Joint Venture budget]."

(Second and third sets of brackets in original.)

Hautanen's proposed finding cuts against his current position that Picinic must share the joint venture's losses according to his share of any profits. In fact, it directly supports Picinic's contrary interpretation of the trial court's finding on the absence of an agreement to share losses. Picinic contends that the finding does not necessarily mean that the agreement was silent on the matter of losses; rather, it can be construed to mean that the parties agreed to handle losses by some means other than "sharing"—for example, by agreeing that each party would absorb its own losses.

In any event, nothing in Hautanen's proposed findings of fact and conclusions of law would have alerted either Picinic or the trial court to the idea that Picinic must share the joint venture's losses independent of any wrongdoing such as breach of contract or breach of fiduciary duty.

11

### 3. Trial by Consent

Hautanen next argues that his loss-sharing theory was tried by consent because both parties presented evidence of expenses and losses associated with the joint venture. "[B]ut an issue is not tried by consent merely because evidence regarding it is admitted." *Bos*, 556 S.W.3d at 306–307. If evidence of an unpleaded matter is relevant to a pleaded issue, the doctrine of trial by consent does not apply. *Id.* at 307; *see City of The Colony v. N. Texas Mun. Water Dist.*, 272 S.W.3d 699, 744 (Tex. App.—Fort Worth 2008, pet. dism'd).

The evidence of expenses and losses on which Hautanen relies was relevant to his pleaded claims for breach of contract, breach of fiduciary duty, and negligence. Consequently, the mere admission of that evidence does not support a conclusion that Hautanen's loss-sharing theory was tried by consent. *See Bos*, 556 S.W.3d at 306–307.

### 4. The Trial Court's Request for Briefing

In a variation on the trial-by-consent theme, Hautanen argues that his loss-sharing theory of recovery was raised below because the trial court requested briefing on the subject and Picinic did not object that loss-sharing had not been pleaded. But the record shows that, at the time, Hautanen himself did not construe the court's request as addressing a theory of recovery he had not pleaded.

The specific issue on which the trial court requested briefing was "whether or not a joint[-]venture agreement necessarily implies an obligation or agreement to share

losses." As evidenced by their responses, both parties understood the court's inquiry to relate to the pleaded issue of joint-venture formation, not to any unpleaded theory of recovery based on loss sharing. Picinic's response laid out five statutory factors to consider in determining whether a joint venture exists, one of which is an agreement to share losses. He informed the court that none of these factors is determinative for joint-venture creation.

Hautanen responded similarly, giving "a summary of Texas law regarding the creation of partnerships and joint ventures." Like Picinic, he noted that "no one of the 'five factors' listed, including the agreement of the parties to share losses, is essential to create a partnership/joint venture."

Hautanen now contends that the trial court's question teed up his Section 152.202 theory. *See* Tex. Bus. Orgs. Code Ann. § 152.202(b), (c). Yet in responding to the trial court's inquiry, Hautanen did not mention it. Thus contrary to the position he now takes, Hautanen's response shows that he did not assert a loss-sharing theory of recovery in the court below, even when arguably given a clear opportunity to do so.

We conclude from a review of Hautanen's pleadings, the evidence, and the arguments presented to the trial court that Hautanen never raised or brought to the court's attention the theory that Picinic should be ordered to pay a share of the joint venture's losses simply as a consequence of being a joint venturer. That theory cannot be raised for the first time on appeal; it is waived. *See Parker*, 514 S.W.3d at 224; *Pratt*, 670 S.W.2d at 789. Hautanen's sole issue is overruled.

13

## The Requested Additional Fact Finding

Hautanen also argues that the trial court erred by refusing to enter the following requested additional finding:[4] "Losses were suffered in connection with the IVA [sic] as follows: A loss of $9[3],321 ($390,000 purchase price plus $153,321 renovation costs for a total of $554,321, less $450,000 sales price)." Hautanen did not advise the court that he believed this finding was necessary to support a claim for loss-sharing or even that it was related to such a claim.

A trial court need not make additional findings that are "unnecessary or contrary to its judgment; a trial court is only required to make additional findings and conclusions that are appropriate." *Nicholas v. Envtl. Sys. (Int'l) Ltd.*, 499 S.W.3d 888, 894 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (quoting *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 254 (Tex. App.—Houston [14th Dist.] 1999, pet. denied); *see Kirby v. Chapman*, 917 S.W.2d 902, 909 (Tex. App.—Fort Worth 1996, no writ). A finding concerning the joint venture's losses was neither necessary nor appropriate because Hautanen did not seek recovery based on a loss-sharing theory and did not prevail on any of the theories he did pursue.

---

[4]Hautanen discussed the court's failure to enter this additional finding in his opening brief but did not identify it as a seemingly distinct issue until his reply brief. Although new appellate issues cannot be raised in a reply brief, we consider Hautanen's argument as being sufficiently related to his opening brief to warrant discussion.

In addition, a trial court is not required to make additional findings that the record does not support. *Buckeye Ret. Co., LLC v. Bank of Am., N.A.*, 239 S.W.3d 394, 402 (Tex. App.—Dallas 2007, no pet.). Here, the record does not support Hautanen's requested additional finding because it is incomplete and thus inaccurate. His calculation of the joint venture's losses accounts for sums he paid to purchase and renovate the house, as well as the amount he received when the house sold. But it does not account for anything he received in rent or in payment of the fire-related insurance claim, nor does it account for sums paid by Picinic and Manning—the other joint venturers—for renovations and repairs.

The trial court did not err by refusing to enter Hautanen's additional requested finding. Hautanen's complaint about this refusal is unfounded.

## Conclusion

"It is an established rule of Texas Procedure that, absent fundamental error, an appellate court has no discretion to reverse an otherwise error-free judgment based on a new argument raised for the first time on appeal." *Coleman v. Klockner & Co. AG*, 180 S.W.3d 577, 587 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (citing *Larsen v. FDIC/Manager Fund*, 835 S.W.2d 66, 74 (Tex. 1992)).

Hautanen does not challenge the trial court's legal conclusions that he did not prevail on any of his pleaded claims, nor does he challenge the fact findings underlying those conclusions. We thus have no basis upon which to disturb the court's take-nothing judgment on those claims. Further, we will not reverse this

15

otherwise error-free judgment based on Hautanen's newly asserted loss-sharing theory. *See id.*

The judgment of the trial court is affirmed.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  April 1, 2021

16